USDC SCAN INDEX SHEET

















SWD 6/8/05 13:15

3:05-CV-01167 LASTER V. T-MOBILE USA INC

*1*

*CMP.*

Matthew B. Butler, Esq. (SBN 201781)
**NICHOLAS & BUTLER, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

Attorneys for Plaintiffs

FILED
JUN - 3 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER L. LASTER, an individual; ANDREW THOMPSON, an individual; ELIZABETH VOORHIES, an individual, on behalf of themselves and all others similarly situated, and on behalf of the general public, and ROES 1 through 100, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware Corporation; OMNIPOINT COMMUNICATIONS, INC. dba T MOBILE, a Delaware Corporation; VERIZON COMMUNICATIONS, INC., a Delaware Corporation; CELLCO PARTNERSHIP dba VERIZON WIRELESS, a Delaware General Partnership; VERIZON WIRELESS (VAW) LLC dba VERIZON WIRELESS, a Delaware Limited Liability Company; AIRTOUCH CELLULAR dba VERIZON WIRELESS; CINGULAR WIRELESS, LLC, a Delaware limited liability company; SBC COMMUNICATIONS, INC, a Delaware corporation; SBC WIRELESS, LLC, a Delaware limited liability company; PACIFIC BELL WIRELESS, LLC dba CINGULAR WIRELESS, a Nevada limited liability company; BELLSOUTH CORPORATION, a Georgia corporation; GO WIRELESS, a California corporation, and DOES I through 100, inclusive,<br><br>Defendants. | CASE NO 05 CV 1167 JM (AJB)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA CODE OF REGULATIONS, SECTION 1585(b)(6); and**<br><br>**(2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.** |

Plaintiffs JENNIFER L. LASTER, ANDREW THOMPSON, and ELIZABETH VOORHIES, individually and on behalf of all others similarly situated (hereinafter collectively "Plaintiffs"), hereby complain and allege on information and belief as follows:

## I.

## INTRODUCTION

1. This case arises out of Defendants, and each of them, undertaking the illegal and unfair business act and/or practice of charging consumers sales tax on wireless telecommunications devices (hereinafter "cell phones") that were either given to consumers free of charge in a bundled transaction, or were sold to consumers in a bundled transaction at a price less than 50% of the cost of the phones to the Defendants.

2. At all times herein relevant, Defendants T-MOBILE USA, INC., OMNIPOINT COMMUNICATIONS, INC. dba T MOBILE, VERIZON COMMUNICATIONS, INC. ("VCI"), CELLCO, VAW, AIRTOUCH, CINGULAR WIRELESS, LLC, SBC COMMUNICATIONS, INC, SBC WIRELESS, LLC, PACIFIC BELL WIRELESS, LLC dba CINGULAR WIRELESS, BELLSOUTH CORPORATION, and GO WIRELESS, as defined below, and their predecessors, by and through their parent companies, subsidiaries, agents, affiliates, and/or other directly or indirectly owned or controlled business entities (collectively referred to herein as "Defendants"), have sold and offered for sale cell phones in conjunction with the sale of wireless telecommunication services. Defendants have offered discounts on the sales of the devices in conjunction with a requirement that consumers activate or sign a contract for wireless telecommunication service for a period in excess of one month. Defendants sold goods and services in a single package. Such transactions constitute "Bundled Transactions" within the meaning of California *Code of Regulations* Section 1585.

3. At all times herein relevant, Defendants have sold cell phones to consumers, in Bundled Transactions, at prices less than 50% of the cost of such devices to Defendants. In such transactions, Defendants have illegally charged sales tax to consumers. In instances where a sales tax was appropriate, Defendants charged consumers more than is permitted by California *Code of Regulations* Section 1585.

////

II.

**PARTIES**

4. Plaintiff JENNIFER L. LASTER (hereinafter "LASTER") is an individual who at all times herein relevant resided, and continues to reside in the State of California, County of San Diego. Defendants charged Plaintiff LASTER $0 for her cell phone, in conjunction with the purchase of a wireless telecommunications service package wherein she was required to sign a contract to purchase service for more than one month. There was no stated retail price for the cell phone, but Plaintiff LASTER was charged $28.22 in sales tax, equal to 7.75 % of $364.13.

5. Plaintiff ANDREW THOMPSON (hereinafter "THOMPSON") is an individual who at all times herein relevant resided, and continues to reside in the State of California, County of San Diego. Defendants charged Plaintiff THOMPSON $79.99 for one cell phone, and gave him the second cell phone for free, in conjunction with the purchase of a wireless telecommunications service package wherein he was required to sign a contract to purchase service for more than one month. The stated retail price of each cell phone was $179.99. Plaintiff THOMPSON was charged $27.90 in sales tax, equal to 7.75 % of $359.90, the full retail price for two phones.

6. Plaintiff ELIZABETH VOORHIES (hereinafter "VOORHIES") is an individual who at all times herein relevant resided, and continues to reside in the State of California, County of San Diego. Defendants charged Plaintiff VOORHIES $0 for a cell phone, in conjunction with the purchase of a wireless telecommunications service package wherein she was required to sign a contract to purchase services for two years. The stated retail price of the cell phone was $119.99. Plaintiff VOORHIES was charged a total of $10.31 in sales tax, on a total of $146.98 in product, including the cell phone and a case (with a stated retail value of $26.99).

7. Defendant T-MOBILE USA, INC. (hereinafter "TMU") is a Delaware corporation, and a California foreign corporation, authorized to do business and doing business in the State of California and County of San Diego in particular. TMU's principal place of business is Bellevue, Washington.

8. Defendant OMNIPOINT COMMUNICATIONS, INC. dba T MOBILE ("OCI") is a Delaware Corporation , and a California foreign corporation, authorized to do business and doing

business in the State of California and County of San Diego in particular. OCI's principal place of business is Bellevue, Washington.

9. Defendant VCI is a Delaware corporation, and a California foreign corporation, authorized to do business and doing business in the State of California and County of San Diego in particular. VCI is a partner in CELLCO PARTNERSHIP.

10. Defendant CELLCO PARTNERSHIP dba VERIZON WIRELESS (hereinafter "CELLCO") is a Delaware general partnership. CELLCO was previously wholly-owned by Bell Atlantic Corporation through which CELLCO operated its Bell Atlantic Mobile and Southwestern U.S. wireless businesses. In approximately September 1999, Bell Atlantic Corporation and Vodafone AirTouch Plc, now known as Vodafone Group Plc, agreed to combine their U.S. mobile wireless telecommunications businesses in the partnership. Bell Atlantic and Vodafone combined these businesses by contributing additional wireless operations to CELLCO in two stages. In April 2000, Vodafone contributed U.S. mobile wireless assets in exchange for an approximate 65% equity interest in the partnership and Bell Atlantic contributed its interest in PrimeCo, which was not held through CELLCO, and other wireless assets. The partnership thereupon began doing business under the "Verizon Wireless" name. On or about June 30, 2000, Bell Atlantic and GTE Corporation consummated a merger and formed VCI. In July 2000, VCI contributed GTE's U.S. wireless assets to CELLCO, increasing VCI's interest from approximately 35% to 55%, where it stands now.

11. Defendant VERIZON WIRELESS (VAW) LLC dba VERIZON WIRELESS (hereinafter "VAW") is a Delaware limited liability company and a California foreign limited liability company, authorized to do business and doing business in the State of California and County of San Diego in particular.

12. Defendant AIRTOUCH CELLULAR dba VERIZON WIRELESS (hereinafter "Airtouch") is a California corporation with its principal place of business in Bedminster, New Jersey.

13. Defendant CINGULAR WIRELESS, LLC (hereinafter "CINGULAR"), with its principal place of business in Atlanta Georgia, is a company organized and existing under the laws of the State of Delaware and a California foreign limited liability company authorized to and

conducting business for profit in the state of California. CINGULAR was founded in 2000 by SBC COMMUNICATIONS, INC. and BELLSOUTH CORPORATION, who own equity interests in it of 60 and 40 percent, respectfully. SBC COMMUNICATIONS, INC. and BELLSOUTH CORPORATION evenly share management control of CINGULAR. CINGULAR is the second-largest provider of mobile wireless voice and data services in the United States by number of subscribers; it serves more than 24 million customers.

14. Defendant SBC COMMUNICATIONS, INC. (hereinafter "SBC") with its principal place of business in San Antonio, Texas, is a corporation organized and existing under the laws of the State of Delaware and authorized to and conducting business for profit in the state of California. SBC is a regional bell operating company, one of several regional holding companies formed in 1984 as a result of the breakup of AT&T Corporation's local telephone business. SBC's wireless telecommunications business serves 54.7 million access lines in 13 states: Arkansas, California, Connecticut, Illinois, Indiana, Kansas, Michigan, Missouri, Nevada, Ohio, Oklahoma, Texas, and Wisconsin.

15. Defendant SBC WIRELESS, LLC (hereinafter "SBC WIRELESS") with its principal place of business in Atlanta, Georgia, is a limited liability company organized and existing under the laws of the State of Delaware and a California foreign limited liability company authorized to and conducting business for profit in the state of California.

16. Defendant PACIFIC BELL WIRELESS, LLC dba CINGULAR WIRELESS (hereinafter "PAC BELL") with its principal place of business in Atlanta, Georgia, is a limited liability company organized and existing under the laws of the State of Nevada and a California foreign limited liability company authorized to and conducting business for profit in the state of California.

17. Defendant BELLSOUTH CORPORATION (hereinafter "BELLSOUTH") with its principal place of business in Atlanta, Georgia, is a corporation organized and existing under the laws of the state of Georgia and authorized to and conducting business for profit in the state of California. BELLSOUTH's wireless telecommunications businesses serve 23.7 million access lines

////

in nine states: Alabama, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, South Carolina, and Tennessee.

18. Defendant GO WIRELESS, INC. (hereinafter "GO") is a California corporation with its principal place of business in Temecula, California. GO is a leading provider of wireless products, services and accessories for mobile electronic devices in the western United States.

19. Plaintiffs are unaware of the true names, identities or capacities, whether individual, corporate, associate or otherwise, of those defendants sued herein as DOES 1 through 100, inclusive. Plaintiffs therefore sue said defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of these defendants when they are ascertained.

20. Plaintiffs are informed and believe and on that basis allege that defendants sued herein as DOES 1 through 100, inclusive, and each of them, are in some way responsible for the acts and events complained of herein, and proximately caused the injuries and damages to plaintiffs which are described in this complaint. Plaintiffs will seek leave of court to amend this complaint to more specifically set forth these defendants' wrongful conduct when it has been ascertained.

21. Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned, Defendants, and each of them, were the parent companies, subsidiary companies, agents and/or employees of the remaining defendants and, in doing the things herein complained of, were acting within the course and scope of such parent/subsidiary relationship, agency and/or employment.

## III.

## JURISDICTION AND VENUE

22. Jurisdiction and venue are appropriate because TMU and OCI are California foreign corporations. VERIZON WIRELESS (VAW) LLC is a California limited liability company, and AIRTOUCH CELLULAR is a California corporation. GO is a California corporation and CINGULAR, SBC WIRELESS, and PAC BELL are California foreign limited liability companies. Furthermore, each of the Defendants at all times herein relevant conducted and continues to conduct business in the State of California, County of San Diego, and Defendants, and each of them, illegally

charged Plaintiffs sales tax on transactions which took place in the State of California. Defendants, and each of them, have sufficient minimum contacts with California and intentionally availed themselves of the laws of the State of California by advertising and conducting transactions therein.

23. Plaintiffs filed California State Court actions against Defendants in the Superior Court of California, County of San Diego, based on an initial assessment that the restitution amount in this action is less than five-million dollars ($5,000,000). Based on additional research and evaluation of the restitution amount owed to Plaintiffs by Defendants, Plaintiffs are now informed and believe that they are entitled to restitution in an amount greater than five-million dollars ($5,000,000), which requires Plaintiffs to bring this action in federal court pursuant to the Class Action Fairness Act of 2005. 28 U.S.C.A. 1711 et. seq. The action exceeds $5,000,000 in damages, the class is larger than 100, and there is one defendant that is a citizen of a different state than the plaintiffs. Plaintiffs therefore bring this action to protect and preserve the rights of class members to complete restitution.

## IV.

## CLASS ALLEGATIONS

24. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 23 above, as if set forth at this point.

25. Plaintiffs bring this Complaint as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure on behalf of all California residents who purchased a cell phone from Defendants for a price less than 50% of the Defendants' cost, and were charged sales tax on a stated retail value of the cell phone.

26. On or about February 23, 2005, Plaintiff LASTER entered into a bundled transaction with an entity doing business as T Mobile, located at 1014 5th Avenue, Suite 100, San Diego, California. Plaintiff LASTER was charged $0 for one Sharp cell phone with serial number 351689000305586 in conjunction with the purchase of a wireless telecommunications service package wherein she was required to sign a contract to purchase service for more than one month. There was no stated retail price of the cell phone, but Plaintiff LASTER was charged $28.22 in sales tax, equal to 7.75 % of $364.13. On the receipt, Defendants indicated "By law, some states impose

////

a tax based on the retail price or cost of our product instead of the discounted price. The sales tax on your handset or handset kit may therefore be higher than you expected."

27. On or about August 5, 2004, Plaintiff THOMPSON entered into a bundled transaction with an entity doing business as Verizon Wireless, located at 7007 Friars Road, Space 265, San Diego, California 92108. Plaintiff THOMPSON was charged $79.99 for one Samsung SCHA650SSV cell phone, and was given the second Samsung SCHA650SSV cell phone for free, in conjunction with the purchase of a wireless telecommunications service package wherein he was required to sign a contract to purchase service for more than one month. The stated retail price of each cell phone was $179.99. Plaintiff THOMPSON was charged $27.90 in sales tax, equal to 7.75% of $359.90, the full retail price for two phones.

28. On or about November 14, 2004, Plaintiff VOORHIES entered into a bundled transaction with an entity doing business as GoWireless as well as an entity doing business as Cingular Wireless, located at 13538 Poway Road, Suite A, Poway, California 92064. Plaintiff VOORHIES was charged $13.00 for a LG leather C1300 and a GSM-Nokia 6010 cell phone, in conjunction with the purchase of a wireless telecommunications service package wherein she was required to sign a contract to purchase service for more than one month. The stated retail price of the cell phone was $119.99. Plaintiff VOORHIES was charged a total of $10.31 in sales tax, on the retail value of both the cell phone and the case.

29. Plaintiffs are informed and believe that Defendants, and each of them, advertised and marketed free or deeply discounted cell phones in conjunction with the sale of cell phone service in excess of one month. Plaintiffs are further informed and believe that Defendants, and each of them, failed to disclose the fact that sales tax would be charged on the full value of the phone. Even in such instances when the sales tax was disclosed, the type-size, font, and location of the disclosure was such that consumers were likely to be misled to believe they were going to get the phone for free or the stated, deeply discounted price.

30. The members of the class are so numerous that separate joinder of each member is impractical. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

31. The claims of the representative Plaintiffs raise questions of law and fact that are common to questions of law and fact raised by the claims of each member of the class.

32. The claims of the representative Plaintiffs are typical of the claims of each member of the class.

33. The prosecution of separate claims by each individual member of the class would create a risk of inconsistent or varying adjudications.

34. The questions of law or fact common to the claims or of the representative Plaintiffs and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the class. Should the Court determine that the claims in this case cannot proceed as "private attorney general" claims on behalf of the general public, class representation is superior to other available methods for the fair and efficient adjudication of this controversy.

35. Questions of law and/or fact that are common to the claims include but are not limited to:

(A) Whether the Defendants sold cell phones in bundled transactions at a price less than 50% of the cost of such devices to the Defendants and charged sales tax in violation of California *Code of Regulations* Section 1585(b)(6).

(B) Whether the Defendants, under the Act, unfairly and fraudulently charged sales tax on the retail value of the phone despite the fact that they charged the class members less than the retail value.

(C) Whether the Defendants actually sold cell phones at the purported retail value.

(D) Whether Defendants actions in charging sales tax on the retail value of the cell phones, rather than the actual sales price, constitute unfair and/or fraudulent business acts and/or practices.

(E) Whether Defendants actions of advertising and marketing free or deeply discounted cell phones constitutes false advertising pursuant to California Business & Professions Code Section 17500.

36. Plaintiffs claims are typical of the claims of the class in that the claims of all members of the class, result from the Defendants' illegal practice of charging sales tax in bundled transactions

on an asserted retail sales price when the Defendants sold cell phones to class members at less than 50% of cost. There is no conflict between the representative Plaintiffs and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

37. The named Plaintiffs are the representative parties for the class and are able to and will fairly and adequately protect the interests of the class.

V.

**FIRST CAUSE OF ACTION**

**(Violation of California Code of Regulations Section 1585(b)(6))**
Against All Defendants

38. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 37 above, as if set forth at this point.

39. California *Code of Regulations* Section 1585(b)(6) prohibits Defendants from charging sales tax to end-user consumers when a cell phone is sold in a bundled transaction at a price less than 50% of the cost of the device to the Defendants. The regulation states, in relevant part:

> "(6) Sales at Less than 50 Percent of Cost. Operative January 1, 1999, except with respect to transfers described in (b)(5), ***any person making any sale***, whether at retail or for resale, in a bundled transaction or otherwise ***of a wireless telecommunication device at a price***, measured by the actual sales price in an unbundled transaction or the unbundled sales price, as determined under this regulation, in a bundled transaction, ***less than 50 percent of cost***, must report and pay use tax measured by the cost to it of the device. ***If the sale at less than 50 percent of cost is a retail sale, sales tax does not apply to that retail sale. The person making the sale of the device is the consumer of the device for sales and use tax purposes and may not collect tax reimbursement from its customer.*** Likewise, persons who sell devices for resale at less than 50 percent of cost are consumers. They must report and pay use tax measured by the cost to them of the device. In this case, any subsequent retail sale of the device is subject to sales tax unless that sale is at less than 50 percent of cost. Sales tax reimbursement may be collected from the end-use customer based upon the retail selling price of the device to the end-use customer. This subdivision shall not, however, be applicable in any instance involving the sale of a functionally or economically obsolete wireless telecommunication device." [Emphasis added].

40. Defendants have charged sales tax to end-user consumers in violation of California *Code of Regulations* Section 1585(b)(6).

41. As a direct and proximate result of Defendants' violation of California *Code of Regulations* Section 1585(b)(6), Plaintiffs have suffered pecuniary damages in an amount equal to the illegal sales tax collected by Defendants, which amount will be proven at the time of trial. Plaintiffs respectfully request this court order, as it is empowered to order, restitution to all persons from whom Defendants unlawfully took money in order to accomplish complete justice.

42. Defendants' violation of California *Code of Regulations* Section 1585(b)(6) presents a continuing threat to members of the general public in that Defendants are continuing, and will continue, unless enjoined, to commit violations. Plaintiffs request that this court order, as it is empowered to order, a preliminary and permanent injunction against such acts and practices.

43. Plaintiffs also seek recovery of all attorneys' fees and litigation expenses pursuant to California *Code of Civil Procedure* Section 1021.5. Plaintiffs additionally seek recovery of all attorneys' fees and all litigation expenses pursuant to the substantial benefit doctrine. Alternatively, Plaintiffs seek recovery of all attorneys' fees and other litigation expenses to be paid under the common fund doctrine or other authority requiring Defendants to pay Plaintiffs' attorneys' fees and litigation expenses.

## VI.

## SECOND CAUSE OF ACTION

**(Violation of California Business and Professions Code Section 17200 et. seq.)**
Against All Defendants

44. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 43 above, as if set forth at this point.

45. The Unfair Trade Practices Act ("the Act") defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California *Business and Professions Code* Section 17200. Unlawful business acts are those which are in violation of federal, state, county, or municipal statutes or codes, as well as regulations including the California *Code of Regulations*.

////

The Act also provides for injunctive relief and restitution for violations. California *Business and Professions Code* Section 17203.

46. Defendants' actions constitute unfair business acts and practices. In the course of conducting business, Defendants charged Plaintiffs sales tax on cell phones that Plaintiffs received free of charge in a Bundled Transaction. Similarly, Defendants charged sales tax on a stated retail value of a cell phone when consumers paid less than 50% of the Defendants' cost. To collect sales tax from an end-user consumer based upon any price other than what the end-user consumer paid for the cell phone is against public policy, oppressive, unscrupulous, and injurious to consumers. There is no justification for such acts and practices.

47. Defendants' actions in violation of California *Code of Regulations* Section 1585(b)(6) as outlined above constitute unlawful business acts and practices.

48. Defendants' actions constitute fraudulent business acts and/or practices since members of the public are likely to be deceived. Defendants have advertised and promoted, and continue to advertise and promote, certain promotions including but not limited to: sign a contract for one year of service or more and get your phone for free. Consumers have been and are likely to believe that they will receive the phone free of charge, when in fact Defendants have charged, and continue to charge the consumers sales tax on the phone. Furthermore, other consumers are led to believe that they will receive cell phones at steep discounts in bundled transactions when in fact consumers are charged sales tax on a stated retail value of the phone without regard to the offered discount. Consumers are likely to be deceived, as the extent of the discount they receive has been, and continues to be, less than what they are led to believe. Such business acts and practices are fraudulent under the Act.

49. Plaintiffs, as representatives of a class of persons with common or general interest, are entitled to bring an action to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of the wrongful practices. Plaintiffs may bring such action on behalf of the class of people with common or general interest, and on behalf of the general public, pursuant to California *Business & Professions Code* Section 17200, et. seq.

////

50. As a direct and proximate result of Defendants' unfair competition in violation of the Act, Plaintiffs have individually lost money, and the members of the public who have purchased cell phones from Defendants have lost, and continue to lose, money in sums exceeding the jurisdictional minimum of this Court, to be proven at the time of trial. Plaintiffs requests this court order, as it is empowered to order, restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

51. Defendants' violation of California *Code of Regulations* Section 1585(b)(6) and unfair competition in violation of the Act presents a continuing threat to members of the general public in that Defendants are continuing, and will continue, unless enjoined, to commit unlawful, unfair, and/or fraudulent business acts or practices. Plaintiffs request that this Court order, as it is empowered to order, a preliminary and permanent injunction against such acts and practices.

52. Plaintiffs also seek recovery of all attorneys' fees and litigation expenses pursuant to California *Code of Civil Procedure* Section 1021.5. Alternatively, Plaintiffs seek recovery of all attorneys' fees and all litigation expenses pursuant to the substantial benefit doctrine. Plaintiffs also seek recovery of all attorneys' fees and other litigation expenses to be paid under the common fund doctrine or other authority requiring Defendants to pay Plaintiffs' attorneys' fees and litigation expenses.

## VII.

## THIRD CAUSE OF ACTION

**(False Advertising/Violation of California Business & Professions Code Section 17500 et. seq.)**
Against All Defendants

53. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 52 above, as if set forth at this point.

54. Plaintiffs are informed and believe that Defendants, and each of them, advertised and marketed free or deeply discounted cell phones in conjunction with the sale of cell phone service in excess of one month. Plaintiffs are further informed and believe that Defendants, and each of them, failed to disclose the fact that sales tax would be charged on the full value of the phone. Even in such instances when the sales tax was disclosed, the type-size, font, and location of the disclosure was

such that consumers were likely to be misled to believe they were going to get the phone for free or the stated, deeply discounted price.

55. Defendants knew or should have known that the advertising, as alleged above, is untrue and/or misleading. In order not to mislead consumers, Defendants should have adequately disclosed the fact that they were charging sales tax on the retail value of the phone despite the fact that consumers were paying less than 50% of the cost of the phone.

56. Defendants have committed acts of untrue and misleading advertising, as defined by Business & Professions Code Section 17500, by engaging in the acts and practices described above with the intent to induce members of the public to purchase their products and/or services. At the time that Defendants made the above referenced misrepresentations in their advertisements, they knew or should have known that the advertising was untrue and misleading.

57. Defendants' untrue and misleading advertising, as described above, presents a continuing threat to members of the general public in that Defendants' are continuing, and will continue unless enjoined, to commit such violations of Business & Professions Code Section 17500. This court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

58. As a direct and proximate result of the acts and practices alleged above, members of the general public who purchased the cell phones lost and continue to lose monies in a sum currently unknown but subject to proof at the time of trial. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money in order to accomplish complete justice.

**VIII.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. For damages in an amount to be proven at trial;

2. For declaratory relief finding that Defendants have engaged in unfair, unlawful, or fraudulent business acts or practices in violation of California *Business & Professions Code* Section 17200, et. seq. and that Defendants be required to pay restitution to all

persons from whom Defendants unlawfully, unfairly, or fraudulently took money in the form of a full refund of all sales tax improperly charged, including accrued interest;

3. For declaratory relief finding that Defendants shall be required to recover from the State of California all improperly collected sales taxes as described above;

4. For a temporary restraining order and a preliminary and permanent injunction enjoining Defendants and their officers, directors, agents, distributors, servants, employees, attorneys, and all others in active concert or participation with Defendants, or any of them, jointly and severally, during the pendency of this action and permanently thereafter from charging consumers sales tax on any amount other than the amount each individual consumer pays for each cell phone separately;

5. For interest at the maximum rate allowed by law;

6. For costs of suit;

7. For Plaintiffs to be awarded attorneys' fees and all litigation expenses pursuant to the California Code of Civil Procedure Section 1021.5. Alternatively, for all attorneys' fees and all litigation expenses to be awarded pursuant to the substantial benefit doctrine or other authority requiring Defendants to pay Plaintiffs' attorneys' fees and litigation expenses. Alternatively, for attorneys' fees and other litigation expenses to be paid under the common fund doctrine or any other provision of law; and

8. For such other and further relief as the Court may deem just and proper.

**NICHOLAS & BUTLER, LLP**

Dated: June 3, 2005

By: [signature]
Matthew B. Butler, Esq.
Attorneys for Plaintiffs

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JUN - 3 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

LASTER, JENNIFER L., an individual; et al., On Behalf of themselves and all others similarly situated, and on behalf of the general public

**DEFENDANTS**

T-MOBILE USA, INC., a Delaware Corporation, et al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Matthew B. Butler (SBN 210781)
Nichols & Butler, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
(619) 325-0492

**ATTORNEYS (IF KNOWN)**

'05 CV 1167 JM (AJB) BF

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Complaint for Violation of California Code of Regulations, Section 1585(b)(6) and California Business and Professions Code Section 17200, et seq. 28 USC 1711 28:1331

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☒ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE June 3, 2005 SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR # 114292 $250.00 [initials] 6/6/05