1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   JENNIFER L. LASTER, et al., | CASE NO. 05cv1167 DMS (AJB) |
| 12                    Plaintiffs, | **ORDER: (1) GRANTING MOTION** |
| 13 | **FOR TEMPORARY RELIEF** |
| | **FROM STAY; (2) GRANTING** |
| 14        vs. | **MOTION FOR CONSOLIDATION** |
| | **AND STAY OF CASES** |
| 15   T-MOBILE USA, INC., et al., | |
| 16 | |
| 17                    Defendants. | [Doc. No. 100] |
| 18   VINCENT CONCEPCION AND LIZA | CASE NO. 06cv0675 DMS (NLS) |
| 19   CONCEPCION, on Behalf of Themselves | |
|     and All Others Similarly Situated, | |
| 20 | |
| 21                    Plaintiffs, | [Doc. No. 6] |
| 22        vs. | |
| 23   Cingular Wireless LLC, | |
| 24 | |
| 25                    Defendant. | |

26
27          This matter comes before the Court on Defendant Cingular Wireless's ("Cingular") motion

28   for temporary relief from stay, and consolidation and stay of cases.  Cingular seeks a temporary lift

of stay in *Laster v. T-Mobile*, Case No. 05cv1167 DMS (AJB) (filed June 3, 2005), consolidation of the case with *Concepcion v. Cingular Wireless LLC*, Case No. 06cv0675 DMS (NLS) (filed March 27, 2006), and a stay of proceedings in both actions.  In the alternative, Cingular requests a stay of its obligation to respond to the *Concepcion* Complaint for thirty days to bring a motion to compel arbitration.

Cingular filed its motion on May 25, 2006.  On July 28, 2006, Defendant T-Mobile USA, Inc. ("T-Mobile") filed a Joinder-in-part and Opposition-in-part to Cingular's motion for consolidation. Plaintiffs in the *Concepcion* action filed an Opposition to the motions on August 2, 2004, and Cingular filed its Reply Briefs on August 4, 2006.  For the reasons set forth below, the Court grants Cingular's motion for a temporary lift of stay, and grants Cingular's motion for consolidation and stay of cases.

## I.

### BACKGROUND

**A.    *Laster v. T-Mobile, et al.***

*Laster* is a class action brought by plaintiffs Jennifer Laster, Elizabeth Voorhies, and Andrew Thompson against defendants Cingular, T-Mobile, Verizon Wireless, and Go Wireless.  The essence of *Laster* is summarized in the Second Amended Complaint, as follows:

> This case arises out of Defendants falsely advertising and undertaking the illegal and unfair business act and/or practice of charging consumers sales tax on wireless telecommunications devices (hereinafter cell phones) that were either advertised as free or advertised at a discounted price where the full retail price was used to calculate the sales tax.

(*Laster*, SAC at 2 ¶ 1.)

The original Complaint contained claims against the Defendants for violations of California Business & Professions Code §§ 17200 and 17500, and the Consumer Legal Remedies Act ("CLRA"). On September 23, 2005, T-Mobile and Cingular filed separate motions to compel arbitration based on arbitration clauses contained in the wireless service contracts.  Thereafter, Go Wireless and Verizon Wireless filed a joint motion to dismiss the First Amended Complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  T-Mobile and Cingular joined the motion.

On November 30, 2005, this Court issued an Order denying Cingular and T-Mobile's motions to compel arbitration.  The Court also dismissed without prejudice the unfair practices claims under

Business & Professions Code §§ 17200 and 17500, and dismissed with prejudice the CLRA claim. Thereafter, Cingular and T-Mobile appealed the denial of their motions to compel arbitration, and moved to stay the *Laster* action pending resolution of the appeal. On March 14, 2006, the Court granted defendants' motion to stay the proceedings pending appeal.

**B.**     ***Concepcion v. Cingular Wireless, LLC***

On March 27, 2006, Plaintiffs Vincent Concepcion and Liza Concepcion filed the *Concepcion* class action, naming Cingular as the sole Defendant. The essence of *Concepcion* is summarized in the First Amended Complaint, as follows:

> This case arises out of the Defendant's false advertising and marketing campaign and its deceptive business acts and practices concerning the sale of cell phones and cell phone service plans. These practices include charging consumers sales tax on the full retail price of cell phones that Defendant markets to the public as "free" or deeply discounted, then providing purchasers point of sale documentation that continues to conceal material facts and mislead consumers about the sales tax charged.

(*Concepcion*, FAC at 1, ¶ 1.)

The First Amended Complaint also contains claims against Cingular for violations of California Business & Professions Code §§ 17200 and 17500, the CLRA, fraudulent concealment, and unjust enrichment.

## II.

### DISCUSSION

As an initial matter, the parties do not oppose temporarily lifting the stay in *Laster* to allow the Court to consider Cingular's motion to consolidate and stay both actions. The stay having been temporarily lifted, the Court next addresses whether the *Laster* and *Concepcion* actions should be consolidated and stayed.

Federal Rule of Civil Procedure 42(a) provides the standard for consolidation of related actions. It states, in relevant part, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). If common questions of fact or law exist, the court must also weigh the interests of judicial economy and convenience

1   against the potential for delay, confusion, and prejudice before determining whether to consolidate

2   the actions. *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D.Cal.

3   2003).

4        Cingular argues consolidation is appropriate because the cases "raise substantially similar

5   issues of law and fact regarding Cingular's alleged practices of charging sales tax on the full retail

6   price of cellular phones that are advertised as free or discounted." (Cingular's Motion at 4.)  Plaintiffs

7   concede that both cases "involve the same unlawful conduct by the Defendant and consequently

8   involve common issues of fact and law." (Plaintiffs' Opposition to Cingular's Motion at 4.)  It is

9   therefore undisputed that *Laster* and *Concepcion* involve common questions of fact and law.

10        Plaintiffs nonetheless argue that consolidation is inappropriate because the issue on appeal in

11   *Laster* – regarding enforcement of arbitration provisions in wireless service contracts – is not an issue

12   that will arise in the *Concepcion* action; therefore, consolidating and staying the actions will result in

13   unfair delay and prejudice to Plaintiffs.  Specifically, Plaintiffs contend that unlike *Laster*, no

14   arbitration clause was incorporated in their contract.  According to Plaintiffs, "[t]here is no agreement

15   between the Concepcions and Cingular to submit their grievances to arbitration."  (*Id.* at 6.)

16        Cingular vigorously challenges Plaintiffs' characterization of the issue (or lack of issue), and

17   points to various provisions in the parties' service contract which refer to arbitration.  According to

18   Cingular, the arbitration agreement is set forth fully on the back-side of the service contract in a

19   section entitled, "Terms and Conditions."

20        Under these disputed circumstances, it is apparent Cingular has a good faith basis for asserting

21   that Plaintiffs are subject to an arbitration agreement.  Accordingly, the issues raised in *Laster*

22   concerning the enforceability of such arbitration agreements may well be relevant to, if not dispositive

23   of, any motion to compel arbitration brought by Cingular in *Concepcion*.  The Ninth Circuit's decision

24   in *Laster* may well streamline the issues in *Concepcion*, and foster the interests of judicial economy.

25        In addition, Cingular would be prejudiced by being required to defend two separate actions

26   concerning essentially the same class allegations.  In contrast, Plaintiffs would not suffer comparable

27   harm.  While Plaintiffs argue they would be "unfairly precluded from advancing their own case as a

28   result of" any stay, and that "[d]elay is inherently prejudicial" (Plaintiffs' Opposition to Cingular's

Motion at 6), they fail to identify any particular prejudice.  Surely, a stay would result in a delay of Plaintiffs' prosecution of the action, but any such delay would not be unfair because it would serve the significant potential interests of judicial economy.  On balance, the interests of judicial economy outweigh any competing interests.

Finally, T-Mobile does not object to a stay of the actions pending resolution of the arbitration appeal, but does object to "full-scale consolidation of the cases for all pre-trial and trial purposes." (T-Mobile's Joinder In Part at 2.)  T-Mobile points out it is not a party to the *Concepcion* case, and it asserts the Defendants' practices in *Laster* "regarding disclosure and assessment of the taxes at issue differ and could lead to different results on class certification or at trial." (*Id.*)  A consolidated trial, according to T-Mobile, could result in jury confusion and liability to T-Mobile based on "another party's practices." (*Id.*)  Cingular concedes the parties "may ultimately determine that separate trials are in their best interest." (Reply to T-Mobile's Joinder In Part at 2.)

The concerns expressed by T-Mobile may be legitimate, but they are premature.  The actions are therefore consolidated for all purposes and stayed pending resolution of the appeal in *Laster*. Consolidation of the actions is without prejudice to the parties moving for separate pretrial proceedings or trial. *See* Fed.R.Civ.P. 42(a) & (b).

### III.

### CONCLUSION AND ORDER

For these reasons, Cingular's motion for consolidation and stay of cases is **GRANTED**.

**IT IS SO ORDERED.**

DATED: September 7, 2006.

_____
**DANA M. SABRAW**
United States District Judge

CC:     JUDGE BATTAGLIA
        JUDGE STORMES
        ALL PARTIES