1  HULETT HARPER STEWART LLP
   KIRK B. HULETT, SBN: 110726
2  SARAH PICKERAL WEBER, SBN: 239979
   550 West C Street, Suite 1600
3  San Diego, CA  92101
   Telephone:      (619) 338-1133
4  Facsimile:      (619) 338-1139
5
   NICHOLAS & BUTLER, LLP
6  CRAIG M. NICHOLAS, SBN: 178444
   MATTHEW B. BUTLER, SBN: 201781
7  225 Broadway, 19th Floor
   San Diego, CA  92101
8  Telephone:      (619) 325-0492
   Facsimile:      (619) 325-0496
9
10 Attorneys for Plaintiffs

11          **IN THE UNITED STATES DISTRICT COURT**

12          **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  JENNIFER L. LASTER, et al. | CASE NO. 05CV1167DMS (AJB) |
| 14           Plaintiffs, | |
| 15  v. | **PLAINTIFFS' OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT AT&T MOBILITY LLC IN SUPPORT OF MOTION TO COMPEL INDIVIDUAL ARBITRATION** |
| 16  T-MOBILE USA, INC., et al., | |
| 17           Defendants. | |
| 18 | |
| 19 | DATE:        May 30, 2008 |
| | TIME:        1:30 p.m. |
| 20 | JUDGE:       Hon. Dana M. Sabraw |
| | CTRM:        10 |
| 21  VINCENT CONCEPCION and LIZA | CASE NO. 06CV0675 DMS (NLS) |
| 22  CONCEPCION, on Behalf of Themselves and All Others Similarly Situated, | |
| 23           Plaintiffs, | |
| 24 | |
| 25  v. | |
| 26  CINGULAR WIRELESS LLC, | |
| 27           Defendants. | |
| 28 | |

1    Plaintiffs hereby object to the following evidence submitted by defendant AT&T

2  MOBILITY LLC formerly known as CINGULAR WIRELESS ("ATTM") in support of its

3  motion to compel arbitration:

4  **I.      THE DECLARATION OF JOANNE SAVAGE**

5    (a)    The purported internet printout showing Virgin Mobile's alleged "Terms of Service,"

6  attached as Exhibit 1 to the Declaration of Joanne Savage, is inadmissible hearsay (Federal Rule of

7  Evidence ("FRE") 802), has not been properly authenticated (FRE 602, 901), lacks proper foundation,

8  and is irrelevant (FRE 401, 402; *Shroyer v. New Cingular Wireless Servs. Inc.*, 498 F.3d 976, 985 (9th

9  Cir. 2007)).

10    (b)    The purported internet printout showing Virgin Mobile's  alleged "Check Coverage"

11  tool, attached as Exhibit 2 to the Declaration of Joanne Savage, is inadmissible hearsay (FRE 802), has

12  not been properly authenticated (FRE 602, 901), lacks proper foundation, and is irrelevant (FRE 401,

13  402; *Shroyer v. New Cingular Wireless Servs. Inc.*, 498 F.3d 976, 985 (9th Cir. 2007)).

14    (c)    The purported July 24, 2002 press release, attached as Exhibit 3 to the Declaration of

15  Joanne Savage, is inadmissible hearsay (FRE 802), has not been properly authenticated (FRE 602,

16  901), lacks proper foundation, and is irrelevant (FRE 401, 402; *Shroyer v. New Cingular Wireless

17  Servs. Inc.*, 498 F.3d 976, 985 (9th Cir. 2007)).

18    (d)    The purported Declaration of Mr. Vincent DeSantis, along with all attached exhibits -

19  collectively attached as Exhibit 4 to the Declaration of Joanne Savage - is inadmissible hearsay (FRE

20  802).[1]  Exhibit 4 to the Savage Declaration is hearsay upon hearsay.  Neither the Declaration nor its

21  exhibits have been properly authenticated (FRE 602, 901), they all lack proper foundation, and all are

22  irrelevant (FRE 401, 402; *Shroyer v. New Cingular Wireless Servs. Inc.*, 498 F.3d 976, 985 (9th Cir.

23  2007)).

24    (e)    Paragraph 5 of the Savage Declaration, in its description of the attached DeSantis

25  Declaration and its exhibits, is inadmissible hearsay (FRE 802), is speculative (FRE 602), is not the

26  best evidence of the writing referenced (FRE 1002), and is irrelevant (FRE 401, 402).

27
[1]  Exhibit 4 to the Savage Declaration is the DeSantis Declaration and six of its own Exhibits

28  including Sprint PCS's "Terms and Conditions of Service" and Sprint PCS bills to customers.

1

1       (f)      The purported internet printout showing Sprint/Nextel's "Company History," attached

2 as Exhibit 5 to the Declaration of Joanne Savage, is inadmissible hearsay (FRE 802), has not been

3 properly authenticated (FRE 602, 901), lacks proper foundation, and is irrelevant (FRE 401, 402;

4 *Shroyer v. New Cingular Wireless Servs. Inc*., 498 F.3d 976, 985 (9th Cir. 2007)).

5       (g)     Paragraphs 6 and 8 of the Savage Declaration, in their description of the attached

6 Sprint/Nextel "Company History" page (Exhibit 5 to the Savage Declaration), are inadmissible

7 hearsay (FRE 802), are speculative (FRE 602), are not the best evidence of the writing referenced

8 (FRE 1002), and are irrelevant (FRE 401, 402).

9       (h)     The purported Declaration of Nextel Communications' deputy general counsel, along

10 with its attached "Subscriber Agreement" ("Exhibit A") is also objectionable.   Those items are

11 attached collectively to the Declaration of Joanne Savage as Exhibit 6.  The deputy general counsel's

12 declaration and its attached exhibit are inadmissible hearsay (FRE 802).   Exhibit 6 to the Savage

13 Declaration is actually hearsay upon hearsay.   Neither the Declaration nor its exhibit have been

14 properly authenticated (FRE 602, 901), they all lack proper foundation, and all are irrelevant (FRE

15 401, 402; *Shroyer v. New Cingular Wireless Servs. Inc*., 498 F.3d 976, 985 (9th Cir. 2007)).

16       (i)      Paragraph 7 of the Savage Declaration, in its description of the attached Nextel

17 Communications deputy general counsel's Declaration, is inadmissible hearsay (FRE 802), is

18 speculative (FRE 602), is not the best evidence of the writing referenced (FRE 1002), and is irrelevant

19 (FRE 401, 402).

20       (j)      The purported Declaration of Donald M. Falk, along with its attached Tracphone

21 "Terms and Conditions" ("Exhibit C") is also objectionable.  Those items are attached collectively to

22 the Declaration of Joanne Savage as Exhibit 7.  Mr. Falk's declaration and its attached exhibit are

23 inadmissible hearsay (FRE 802).   Exhibit 7 to the Savage Declaration is hearsay upon hearsay.

24 Neither the Declaration nor its exhibit have been properly authenticated[2]  (FRE 602, 901), they all lack

25 proper foundation, and all are irrelevant (FRE 401, 402; *Shroyer v. New Cingular Wireless Servs. Inc*.,

26

---

27 [2]    Furthermore,  the  website  referenced  in  Paragraph  5  of  the  Falk  Declaration (www.tracfone.com/content/terms_conditions.jsp) is no longer valid such that Mr. Falk's claims

28 can be verified.

1 | 498 F.3d 976, 985 (9th Cir. 2007)).

2 |      (k)    Paragraph 9 of the Savage Declaration, in its description of the attached Donald M.
3 | Falk Declaration, is inadmissible hearsay (FRE 802), is speculative (FRE 602), is not the best evidence
4 | of the writing referenced (FRE 1002), and is irrelevant (FRE 401, 402).

5 |      (l)    The purported internet printout showing the "Internet Archive," attached as Exhibit 8
6 | to the Declaration of Joanne Savage, is inadmissible hearsay (FRE 802), has not been properly
7 | authenticated (FRE 602, 901), lacks proper foundation, and is irrelevant (FRE 401, 402; *Shroyer v.*
8 | *New Cingular Wireless Servs. Inc.*, 498 F.3d 976, 985 (9th Cir. 2007)).

9 |      (m)    Paragraph 10 of the Savage Declaration, in its description of the attached "Internet
10 | Archive" page is inadmissible hearsay (FRE 802), is speculative (FRE 602), is not the best evidence of
11 | the writing referenced (FRE 1002), and is irrelevant (FRE 401, 402).

## II.     THE DECLARATION OF NEAL S. BERINHOUT

13 |      (a)    Paragraph 7 of the Berinhout Declaration states that "ATTM revised its arbitration
14 | provision to make arbitration more convenient and less expensive for its customers." That statement is
15 | speculative (FRE 602), lacks proper foundation, and is not the best evidence of the writing referenced
16 | (FRE 1002), and is argumentative.

17 |      (b)    The purported internet printout showing the ATTM Dispute Resolution website,
18 | attached as Exhibit 2 to the Berinhout Declaration, is inadmissible hearsay (FRE 802), has not been
19 | properly authenticated (FRE 602, 901), lacks proper foundation, and is irrelevant (FRE 401, 402).

20 |      (c)    Paragraph 11 of the Berinhout Declaration and describing the ATTM Dispute
21 | Resolution website is speculative (FRE 602), lacks proper foundation, and is not the best evidence of
22 | the writing referenced (FRE 1002).

23 |      (d)    The purported internet printout showing the second ATTM Dispute Resolution
24 | website, attached as Exhibit 3 to the Berinhout Declaration, is inadmissible hearsay (FRE 802), has not
25 | been properly authenticated (FRE 602, 901), lacks proper foundation, and is irrelevant (FRE 401,
26 | 402).

27 |      (e)    Paragraph 12 of the Berinhout Declaration and describing the second ATTM Dispute
28 | Resolution website is speculative (FRE 602), lacks proper foundation, and is not the best evidence of

1   the writing referenced (FRE 1002).

2        (f)     Paragraph 13 of the Berinhout Declaration states that "[c]ustomers may download

3   from ATTM's website all of the necessary paperwork for initiating an arbitration . . . ." This statement

4   is speculative (FRE 602), lacks proper foundation, and is not the best evidence of the writings

5   referenced (FRE 1002).

6        (g)     The purported internet printouts of supposed necessary and sufficient forms needed

7   for initiating arbitration, and attached as Exhibits 4 & 5 to the Berinhout Declaration, are inadmissible

8   hearsay (FRE 802), have not been properly authenticated (FRE 602, 901), and lack proper foundation.

9        (h)     The purported printouts of "current versions" of the AAA Commercial Dispute

10   Resolution Procedures and the Supplementary Procedures for Consumer Related Disputes - attached

11   as Exhibits 6 & 7 to the Berinhout Declaration - are inadmissible hearsay (FRE 802), have not been

12   properly authenticated (FRE 602, 901), and lack proper foundation.

13        (i)     Paragraph 15 of the Berinhout Declaration states:

14             Many disputes between ATTM and its customers are resolved before a notice
of dispute is ever sent to ATTM. Customers frequently resolve their concerns

15             by calling or e-mailing ATTM's customer service department.  The vast
majority of billing problems, including claims by customers that unauthorized

16             or inaccurate charges have appeared on a bill, are quickly resolved by
customer service representatives either by explaining the nature of the charges

17             to the satisfaction of the customer or by eliminating the charges from the bill.

18   These statements constitute inadmissible hearsay (FRE 802), lack appropriate foundation, are

19   speculative (FRE 602), and are irrelevant (FRE 401, 402).

20        (j)     Paragraph 16 of the Berinhout Declaration states:

21             One way to measure how successful ATTM's customer service representatives
are at resolving customer concerns and complaints is to determine the dollar

22             value of credits "manually added" to customer accounts in response to
concerns and complaints.  For example, from February 2007 to January 2008

23             ATTM representatives provided over $1.3 billion in manual credits in
response to customer concerns and complaints.  In January 2008 alone, ATTM

24             representatives provided about $120 million in credits.

25   These statements constitute inadmissible hearsay (FRE 802), lack appropriate foundation, are

26   speculative (FRE 602), and are irrelevant (FRE 401, 402).  Furthermore, how often ATTM admits a

27   mistake on one of its customer accounts is not indicative of how many mistakes/improper acts are

28

4

1   actually perpetrated or the likelihood that a customer will pursue alternative dispute resolution.

2          (k)      Paragraph 19 of the Berinhout Declaration states: "From December 23, 2006 to

3   February 8, 2008, ATTM received over 570 Notice of Dispute and Arbitration Initiation forms from its

4   customers."  These statements constitute inadmissible hearsay (FRE 802), lack appropriate foundation,

5   and are irrelevant (FRE 401, 402).  There is no showing of the dollar value of the claims asserted or of

6   the amounts eventually awarded (if any).  There is no comparison of the number of Notices (570) and

7   the instances of impropriety perpetrated by ATTM.

8          (l)      Paragraph 22 of the Berinhout Declaration states:

9              Under ATTM's 2006 arbitration provision (as well as under the preceding
               version), subscribers have the option of bringing claims against ATTM in
10             small claims court rather than in arbitration.  From 2005 through 2007, over
               1100 such claims were brought against ATTM nationwide.  The vast majority
11             of small-claims-court actions against ATTM settled before judgment. While
               many of those claims either were settled or resulted in judgments exceeding
12             $1,000, many subscribers have successfully vindicated claims for small dollar
               amounts.
13

14  These statements constitute inadmissible hearsay (FRE 802), lack appropriate foundation, are

15  speculative (FRE 602), are not the best evidence of the writings referenced (FRE 1002), and are

16  irrelevant (FRE 401, 402).  ATTM makes no showing as to how these purported unknown small

17  claims judgments relate to the factual allegations of the instant case.  Moreover, settlement by an

18  individual with a small dollar amount claim is not indicative of a "successful" resolution for a

19  consumer.  Instead, such settlements demonstrate that individuals with few resources are forced to

20  accept settlement terms favorable to ATTM, given its superior resources to litigate against individual

21  litigants rather than class actions.  The fact that "many" consumers have succeeded in small claims

22  litigation begs the question of the vast numbers of consumers whose rights would not be vindicated if

23  ATTM succeeded in contractually forcing consumers to give up their class action rights.

24         (m)     Exhibits 9 & 10 to the Berinhout Declaration, which purportedly describe "the IVR

25  system" of contracting are inadmissible hearsay (FRE 802), have not been properly authenticated

26  (FRE 602, 901), lack proper foundation, and are irrelevant (FRE 401, 402).

27         (n)     ATTM's purported February 2002 WSA, attached as Exhibit 11 to the Berinhout

28  Declaration is inadmissible hearsay (FRE 802), has not been properly authenticated (FRE 602, 901),

5

1 and is irrelevant (FRE 401, 402). It is speculation to say that the Concepcions were, at anytime, bound

2 by the terms depicted in Exhibit 11. (*See* FRE 602). ATTM even admits that it was "unable to locate

3 a copy of the Concepcions' particular February 2002 WSA." (Berinhout Declaration ¶ 32.)

4       (o)     Paragraph 36 of the Berinhout Declaration states:

5             The Concepcions' May 2006 WSA refers to and incorporates ATTM's then-current Terms and Conditions booklet, which would have been provided to

6             them at the time they received the WSA.

7 These statements constitute inadmissible hearsay (FRE 802), lack appropriate foundation, are

8 speculative (FRE 602), and are not the best evidence of the writings referenced (FRE 1002).

9       (p)     Paragraph 37 of the Berinhout Declaration states: "The Concepcions received a copy

10 of ATTM's 2006 arbitration provision as an insert with the envelope containing their December 15,

11 2006 bill." These statements constitute inadmissible hearsay (FRE 802), lack appropriate foundation,

12 are speculative, and are not the best evidence of the writings referenced (FRE 1002).

13      PLAINTIFFS respectfully request the Court sustain the above objections and to strike the

14 evidence referred to above.

15 DATED: April 18, 2008           HULETT HARPER STEWART LLP

16                            KIRK B. HULETT
                           SARAH P. WEBER

17

18

19                            */s/  Kirk B. Hulett*
                           KIRK B. HULETT

20                            550 West C Street, Suite 1600

21                            San Diego, CA  92101
                           Telephone:   (619) 338-1133

22                            Facsimile:   (619) 338-1139

23                            NICHOLAS & BUTLER, LLP

24                            CRAIG M. NICHOLAS
                           MATTHEW B. BUTLER

25                            225 Broadway, 19th Floor
                           San Diego, CA  92101

26                            Telephone:   (619) 325-0492
                           Facsimile:   (619) 325-0496

27

28                            Attorneys for Plaintiffs

6