1   HULETT HARPER STEWART LLP
    KIRK B. HULETT, SBN: 110726
2   SARAH PICKERAL WEBER, SBN: 239979
3   550 West C Street, Suite 1600
    San Diego, CA  92101
4   Telephone:     (619) 338-1133
    Facsimile:     (619) 338-1139
5
6   NICHOLAS & BUTLER, LLP
    CRAIG M. NICHOLAS, SBN: 178444
7   MATTHEW B. BUTLER, SBN: 201781
8   225 Broadway, 19th Floor
    San Diego, CA  92101
9   Telephone:     (619) 325-0492
    Facsimile:     (619) 325-0496
10
    Attorneys for Plaintiffs
11
                  **IN THE UNITED STATES DISTRICT COURT**
12
                  **SOUTHERN DISTRICT OF CALIFORNIA**
13
    JENNIFER L. LASTER, et al.            CASE NO. 05CV1167DMS (AJB)
14
                  Plaintiffs,             **PLAINTIFFS' OBJECTION TO AND**
15                                        **MOTION TO STRIKE THE**
    v.                                    **DECLARATION OF RICHARD A.**
16                                        **NAGAREDA**
    T-MOBILE USA, INC., et al.,
17
                  Defendants.
18                                        DATE:        May 30, 2008
                                          TIME:        1:30 p.m.
19                                        JUDGE:       Hon. Dana M. Sabraw
                                          CTRM:        10
20
21  VINCENT CONCEPCION and LIZA          CASE NO. 06CV0675 DMS (NLS)
    CONCEPCION, on Behalf of Themselves and
22  All Others Similarly Situated,
23                Plaintiffs,
24  v.
25  CINGULAR WIRELESS LLC,
26                Defendants.
27
28

Plaintiffs Vincent and Liza Concepcion ("Plaintiffs") submit this Objection to and Motion to Strike the Declaration of Richard A. Nagareda.

## I.   **INTRODUCTION**

Plaintiffs have two primary objections to Professor Nagareda's Declaration.  First, it offers nothing but legal opinions, which simply differ from those of this Court, the Ninth Circuit, and California's Supreme Court.  Such opinions of law are not admissible.  Secondly, the opinions offered about whether AT&T's so-called "progressive" adhesion contract clause, slipped into a monthly billing statement, eliminating a consumer's right to seek class action status, are heavily biased.  That is, Professor Nagareda was actually consulted in 2006 in the drafting of the arbitration provision before AT&T slipped it into one of its monthly billing statement envelopes. *See* Berinhout Decl. ¶ 8.

In *Daubert*, the U.S. Supreme Court gave license to the trial court to scrutinize and reject as inadmissible biased and unscientific expert testimony, such as is offered here.  *See Daubert v. Merrel Dow Pharm., Inc*., 509 U.S. 579, 592-93 (1993).  The present situation is a prime example of an instance in which the Court should invoke its discretion and strike the Nagareda Declaration.  Besides Professor Nagareda's obvious bias, which undercuts any claim of objectivity, the declaration offers nothing but conclusions about what Professor Nagareda thinks should pass review under the law.  That is not the purview of an expert; that is a question for the Court.

## II.   **LEGAL CONCLUSIONS ARE INADMISSIBLE**

Even objective opinions about the conscionability of contract clauses are not properly admitted as evidence.  Expert testimony is clearly not admissible where the expert gives "an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ*., 299 F.3d 1053, 1066 n.10 (9th Cir. 2002); *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (stating that "matters of law for the court's determination" are "inappropriate subjects for expert testimony").  Furthermore, courts have specifically held that an expert witness's legal opinions and conclusions regarding contractual issues have been held to be inadmissible.  *See, e.g., Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("The interpretation of a contract is an issue of law . . . .  Expert

1

testimony is not proper for issues of law."); *Aguilar*, 966 F.2d at 447.

The Nagareda Declaration is riddled with legal conclusions.  Indeed, Nagareda states that he "was asked by counsel for AT&T . . . to review a revised version of the arbitration clause used in [AT&T's] consumer contracts ('the 2006 Clause') and to provide my opinion on the permissibility of the 2006 Clause."  Nagareda Decl. ¶ 10.  Nagareda then opines that "the 2006 Clause should not be deemed unconscionable."  *Id.* ¶ 11.  Citing to a series of statutory damages provisions, he further opines that "[t]he waiver of class-wide arbitration by contract in this case is no more unconscionable than the judicial decisions denying class certification outside the arbitration setting in the presence of statutory damage provisions."  *Id.* ¶ 15.

The Nagareda Declaration will in no way "assist the trier of fact to understand the evidence or to determine a fact in issue."  *See* Fed. R. Evid. 702.  If one removes the legal conclusions from Nagareda's Declaration, all that remains is a summary of Nagareda's background and a summary of the provisions in the arbitration provision.  As such, there is no remaining value to his declaration, and it should be stricken.

## III.   PROFESSOR NAGAREDA'S BIAS

Professor Nagareda apparently was approached in 2006 to help craft a "new generation" arbitration clause that AT&T hoped would tip-toe up to the line of unconscionability and skirt the evils, repeatedly expressed by the courts, of these types of unconscionable form contract arbitration agreements.  Because he was involved in the crafting of the provision at issue, Professor Nagareda's opinion is clearly biased and, therefore, not reliable.  Under the Federal Rules of Evidence, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Daubert*, 509 U.S. at 589.  As an example, in order to avoid biases, in most jurisdictions, "it is improper to pay an expert witness a contingent fee."  ABA Model R. Prof'l Conduct 3.4, comment 3.

Here, Professor Nagareda was paid by AT&T to help develop the exact arbitration provision currently at issue.  Clearly, his reading of the provision is biased, and he has an interest in seeing it upheld.  As such, his opinion is not reliable and should not be considered by the Court.

2

**IV.    RULE 403**

Furthermore, because Professor Nagareda's opinion is of little probative value given his bias and that he offers only legal conclusions, his declaration should be excluded under Rule 403 of the Federal Rules of Evidence.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Here, Professor Nagareda's opinion is of no probative value, as described above.  Therefore, the potential for prejudice and confusion dictates that it should be stricken.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to strike the Declaration of Richard A. Nagareda.

DATED:  April 18, 2008

HULETT HARPER STEWART LLP
KIRK B. HULETT
SARAH P. WEBER


*/s/ Kirk B. Hulett*
KIRK B. HULETT

550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:    (619) 338-1133
Facsimile:     (619) 338-1139

NICHOLAS & BUTLER, LLP
CRAIG M. NICHOLAS
MATTHEW B. BUTLER
225 Broadway, 19th Floor
San Diego, CA  92101
Telephone:    (619) 325-0492
Facsimile:     (619) 325-0496

Attorneys for Plaintiffs

05CV1167DMS (AJB)