1  JESSE M. JAUREGUI (State Bar No. 129586)
   E-Mail: jjauregui@wbcounsel.com
2  MICHELE A. POWERS (State Bar No. 174779)
   E-mail: mpowers@wbcounsel.com
3  **WESTON, BENSHOOF, ROCHEFORT,**
   **RUBALCAVA & MacCUISH LLP**
4  333 South Hope Street
   Sixteenth Floor
5  Los Angeles, California 90071
   Telephone:  (213) 576-1000
6  Facsimile:  (213) 576-1100

7  DONALD M. FALK (State Bar No. 150256)
   E-mail:  dfalk@mayerbrown.com
8  **MAYER BROWN LLP**
   Two Palo Alto Square
9  3000 El Camino Real, Suite 300
   Palo Alto, CA 94306-2112
10 Telephone: (650) 331-2000
   Facsimile: (650) 331-2060

11
   Attorneys for Defendant
12 CINGULAR WIRELESS LLC n/k/a AT&T
   MOBILITY LLC
13

14              **UNITED STATES DISTRICT COURT**

15              **SOUTHERN DISTRICT OF CALIFORNIA**

16

17 JENNIFER L. LASTER, an individual; AN-      Case No. 05 CV 1167 DMS (AJB)
   DREW THOMPSON, an individual; ELIZA-
18 BETH VOORHIES, an individual, on behalf of   [Consolidated with Case No. 05 CV 1288
   themselves and all others similarly situated, and   JM (AJB), Case No. 05 CV 1287 JM (AJB)
19 on behalf of the general public, and ROES 1   and 06 CV 0675 DMS NLS]
   through 100, inclusive,
20                                              **MEMORANDUM OF POINTS AND**
                     Plaintiffs,               **AUTHORITIES IN SUPPORT OF DE-**
21                                              **FENDANT AT&T MOBILITY LLC'S**
            v.                                 **MOTION FOR STAY PENDING AP-**
22                                             **PEAL OF DENIAL OF MOTION TO**
   T-MOBILE USA, INC., a Delaware Corpora-     **COMPEL ARBITRATION AND TO**
23 tion; OMNIPOINT COMMUNICATIONS,             **DISMISS CLAIMS OF** *CONCEPCION*
   INC. dba T-MOBILE, a Delaware Corporation;  **PLAINTIFFS**
24 TMO CA/NV, LLC, a California limited liabil-
   ity company; CELLCO PARTNERSHIP dba        Date:   October_10, 2008
25 VERIZON WIRELESS, a Delaware General        Time:   1:30 p.m.
   Partnership; VERIZON WIRELESS (VAW)         Ctrm:   10
26 LLC dba VERIZON WIRELESS, a Delaware
   Limited Liability Company; AIRTOUCH CEL-            Hon. Dana M. Sabraw
27 LULAR dba VERIZON WIRELESS; CINGU-
   LAR WIRELESS, LLC, a Delaware limited
28 liability company; NEW CINGULAR WIRE-
   LESS PCS, LLC dba CINGULAR WIRELESS,

1  | a California limited liability company; GO
2  | WIRELESS, INC., a California corporation, and
   | DOES 1 through 100, inclusive,
3  |
   |                    Defendants.
4  |
5  | VINCENT CONCEPCION and LIZA CON-
   | CEPCION, on Behalf of Themselves and All
6  | Others Similarly Situated,
7  |
   |                    Plaintiffs,
8  |
   |        v.
9  |
   | CINGULAR WIRELESS LLC,
10 |
   | Defendant.
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1

**TABLE OF CONTENTS**

2

**Page**

3    TABLE OF AUTHORITIES ...................................................................................... ii

4    INTRODUCTION ................................................................................................... 1

5    BACKGROUND ...................................................................................................... 3

6    ARGUMENT ......................................................................................................... 4

7    I.    A STAY IS WARRANTED BECAUSE ATTM'S APPEAL RAISES
8          "SUBSTANTIAL," NON-FRIVOLOUS QUESTIONS ...................................... 4

9    II.   THE BALANCE OF THE EQUITIES TIPS HEAVILY IN FAVOR OF A STAY ......... 8

10         A.    Further Proceedings In This Court Pending Resolution Of ATTM's
                 Appeal Would Cause ATTM Irreparable Harm ................................... 8
11
12         B.    Any Delay In Proceedings Occasioned By A Stay Would Not
                 Cause Plaintiffs Material Injury ....................................................... 10
13         C.    A Stay Would Be In The Public Interest ............................................ 11

14   CONCLUSION...................................................................................................... 12

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                                                      **Page(s)**

3

*A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.3d 1401 (9th Cir. 1992) ......................... 2, 11

4

*Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984)................................................. 9

5

*Belton v. Comcast Cable Holdings, LLC*, 60 Cal. Rptr. 3d 631 (Ct. App. 2007) ........................ 7

6

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004)........................................ 5

7

*Bombardier Corp. v. Nat'l R.R. Passenger Corp.*,

8
    2002 WL 31818924 (D.C. Cir. Dec. 12, 2002)................................................................... 5

9

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
    128 F.3d 504 (7th Cir. 1997) ............................................................................................ 5, 10

10

*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990).................................... 1, 5, 6, 8

11

*C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*,

12
    716 F. Supp. 307 (W.D. Tenn. 1989)................................................................. 6, 8, 10, 11

13

*Cendant Corp. v. Forbes*, 72 F.Supp.2d 341 (S.D.N.Y. 1999)...................................................... 5

14

*Cervantes v. Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB)

15
    (S.D. Cal. Mar. 8, 2006)........................................................................................ 3, 4, 9, 12

16

*Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*,
    430 F.3d 1269, 1275 (10th Cir. 2005) .................................................................................. 8

17

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3d Cir. 2007) .................................................. 5

18

*Ford v. Verisign, Inc.*, No. 05 CV 0819 JM (RBB) (S.D. Cal. Mar. 8, 2006)................. 3, 4, 9, 12

19

*Gay v. CreditInform*, 511 F.3d 369 (3d Cir. 2007) ...................................................................... 8

20

*Herbert v. Lankershim*, 71 P.2d 220 (Cal. 1937)......................................................................... 7

21

*Kaltwasser v. Cingular Wireless*, No. C 07-00411 (N.D. Cal. Aug. 22, 2008)............................ 3

22

*Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167-DMS-AJB (S.D. Cal. Mar. 14, 2006) ........ *passim*

23

*Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983) ...................................................................... 12

24

*Lummus Co. v. Commonwealth Oil Ref. Co.*, 273 F.2d 613 (1st Cir. 1959)............................... 10

25

*McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005) ........................... 5

26

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ....................... 7

27

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).............................. 12

28

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004)........................................................ 5

-ii-

*Perry v. Thomas*, 482 U.S. 483 (1987) ................................................................................ 7

*Preston v. Ferrer*, 128 S. Ct. 978 (2008) ........................................................................ 7, 8

*Sasik v. AT&T Wireless Servs., Inc.* CV 05-2346 ABC (C.D. Cal. Nov. 1, 2006) ............. 3, 9, 11

*Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007) ................ *passim*

*Stern v. Cingular Wireless Corp.*, 2006 WL 2790243 (C.D. Cal. Apr. 11. 2006) ........... 3, 4, 9, 12

*Stiener v. Apple Computer, Inc.*, No. C 07-04486 SBA (N.D. Cal. Apr. 29, 2008) ............. 3, 6, 9

*Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300 (S.D. Tex. 1999) ..................................... 10, 11

*Winig v. Cingular Wireless LLC*, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) .................. *passim*

**Statutes and Rules**                                                                 **Page(s)**

9 U.S.C. § 2 ...................................................................................................................... 6, 7

9 U.S.C. § 16 ......................................................................................................................... 4

**Other Authorities**                                                                  **Page(s)**

H.R. Rep. No. 100-889 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982 ........................................ 4

Edith H. Jones, *Appeals of Arbitration Orders—Coming Out of the Serbonian Bog*,
    31 S. Tex. L. Rev. 361 (1990) ............................................................................. 5

15B Charles Alan Wright et al., Federal Practice and Procedure
    (2d ed. 1992) ............................................................................................................ 4

-iii-

**INTRODUCTION**

Defendant Cingular Wireless LLC ("Cingular"), which is now known as AT&T Mobility LLC ("ATTM"), respectfully requests a stay of judicial proceedings regarding the plaintiffs in the *Concepcion* action pending the outcome of ATTM's appeal of the Court's order (Dkt. No. 154) denying ATTM's motion to compel arbitration of the *Concepcion* plaintiffs' claims.  The requested stay would not apply to proceedings in *Laster*, with which the *Concepcion* action had been consolidated pursuant to the Court's order of September 7, 2006 (Dkt. No. 109).  *Laster* remains ongoing, as ATTM's recently denied motion to compel arbitration (Dkt. No. 127) did not apply to the claims of the *Laster* plaintiffs.

Before *Concepcion* was consolidated with *Laster*, ATTM (then Cingular) had unsuccessfully moved to compel arbitration of the claims of one of the *Laster* plaintiffs pursuant to a since-superseded version of ATTM's arbitration provision to which that plaintiff had agreed.  When ATTM appealed that determination, this Court granted a stay of proceedings in *Laster* pending the outcome of that appeal.  *Laster* Stay Order (Dkt. No. 98).  The Court should now stay proceedings in *Concepcion* pending ATTM's appeal of the denial of its motion to compel arbitration in that case for the same reasons that this Court issued the stay in *Laster*.

In granting that stay, this Court explained that a party that is appealing from the denial of a motion to compel arbitration "need not show a mathematical probability of success" to obtain a stay pending appeal.  *Id.* at 4.  To the contrary, a stay is warranted if the appeal presents a non-frivolous "serious legal question" to the court of appeals.  *Id.* at 3–4 (citing *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).

That standard is met here.  In response to the Concepcions' claims, ATTM moved to compel arbitration under its revised arbitration provision, which was first promulgated in late 2006.  Although this Court denied ATTM's motion, its decision implicitly recognizes that the enforceability of ATTM's revised arbitration provision—and thus the issues ATTM will raise on appeal—constitute serious legal questions.

For example, ATTM will argue on appeal that its revised arbitration provision meets the concerns raised by the Ninth Circuit in *Shroyer v. New Cingular Wireless Services, Inc.*, 498

1   F.3d 976 (9th Cir. 2007).  In *Shroyer*, the Ninth Circuit held that an earlier version of ATTM's

2   arbitration provision is unconscionable under California law because that provision did not

3   provide sufficient "individual *gain*" to encourage consumers to arbitrate small claims.  *Id.* at 986

4   (emphasis in original).  As this Court recognized, ATTM's revised arbitration provision makes

5   available unprecedented premiums of $7,500 and double attorneys' fees.  Order Denying Arbi-

6   tration (Dkt. No. 154) at 4.  In short, the "arbitration provision has dramatically changed" from

7   the one at issue in *Shroyer*.  *Id.* at 18.  Whether such an arbitration provision is enforceable under

8   California law is a question of first impression in the Ninth Circuit and the California courts.

9   And ATTM has strong arguments on appeal:  While this Court concluded that ATTM's provi-

10  sion could not be enforced in light of "California's stated policy of favoring class litigation and

11  arbitration to deter alleged fraudulent conduct" (*id.* at 20), the Court nevertheless held that the

12  provision "is an adequate substitute for class arbitration" in encouraging consumers to pursue

13  "disputes involving small damages" (*id.* at 17) and further noted that "the Concepcions arguably

14  would be better off to individually pursue their claim in arbitration" than in class action litigation

15  (*id.* at 20 n.10).

16      Moreover, as this Court concluded when it previously granted a stay pending appeal, "the

17  balance of equities favor[s] a stay of the proceedings."  *Laster* Stay Order (Dkt. No. 98) at 4.

18  Delving into discovery and pre-trial motions (and possibly conducting a trial) before ATTM's

19  appeal is heard would, in this Court's words, "defeat the important cost-limiting purpose of

20  arbitration agreements" if the Court of Appeals (or U.S. Supreme Court) were to reverse.  *Id.*  In

21  addition, granting a stay "would promote judicial economy and serve the public's interest" in

22  "promoting the 'strong federal policy encouraging arbitration.'"  *Id.* at 4–5 (quoting *A.G. Ed-*

23  *wards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992)).  By contrast, plain-

24  tiffs can make no comparable claim of irreparable harm that would result from a stay.  Their

25  claims in litigation are small, so the delay in having those claims adjudicated will impose no

26  financial hardship.  And even if plaintiffs did need the money immediately, they could swiftly

27  resolve their claims by proceeding in small claims court or sending ATTM a notice of intent to

28  arbitrate, which, as this Court has recognized, would likely give them a better personal result

1    than pursuing a class action.

2         Under these circumstances, there can be no justification for requiring ATTM to engage in

3    burdensome, expensive, and potentially meaningless litigation in this Court while its appeal is

4    pending.  Indeed, in addition to this Court, federal district courts in California have repeatedly so

5    held.  *See Stiener v. Apple Computer, Inc.*, No. C 07-04486 SBA (N.D. Cal. Apr. 29, 2008)

6    ("*Stiener* Order"; attached at tab 1); *see also Winig v. Cingular Wireless LLC*, 2006 WL

7    3201047, at *3 (N.D. Cal. Nov. 6, 2006); *Sasik v. AT & T Wireless Servs., Inc.*, CV 05-2346

8    ABC (C.D. Cal. Nov. 1, 2006) ("*Sasik* Order"; attached at tab 2); *Stern v. Cingular Wireless

9    Corp.*, 2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006); *Ford v. Verisign, Inc.*, No. 05 CV

10   0819 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006) ("*Ford* Order"; attached a tab 3); *Cervantes v.

11   Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006) ("*Cervantes*

12   Order"; attached at tab 4).[1]

13                                    **BACKGROUND**

14        The plaintiffs in *Concepcion*—Vincent and Liza Concepcion—have sued ATTM, alleg-

15   ing a variety of claims relating to the alleged practice of charging sales tax on the full retail value

16   of cellular phones that were advertised as "free" or at substantial discounts.  Declaration of

17   Michele A. Powers (Dkt. No. 102) Ex. D (Am. Compl. ¶¶ 1–3).  After this Court consolidated

18   *Concepcion* with *Laster* (Dkt. No. 109), ATTM filed a motion to compel arbitration of the Con-

19   cepcions' claims (Dkt. No. 127).  This Court denied that motion on August 11, 2008, holding

20   that ATTM's arbitration provision is unenforceable under California law (Dkt. No. 154).  On

21   August 20, 2008, ATTM filed a notice of appeal (Dkt. No. 155) pursuant to Section 16 of the

22

23   [1]     In an unpublished order marked "NOT FOR CITATION," Judge Fogel partially denied
24   ATTM's motion for a stay pending its appeal of the denial of its motion to compel arbitration.
     *See Kaltwasser v. Cingular Wireless*, No. C 07-00411 (N.D. Cal. Aug. 22, 2008) (attached at tab
25   5).  That decision is mistaken for two reasons.  First, Judge Fogel incorrectly believed that, to
     obtain a stay, ATTM was required to show that "it is likely to succeed in its appeal."  *Id.* at 4–5.
26   Second, he failed to recognize that requiring ATTM to participate in merits discovery while its
     appeal is pending constitutes irreparable injury (*id.* at 5–6).  This Court has previously rejected
27   each of those conclusions.  *See Laster* Stay Order (Dkt. 98) at 3–4.

28

MOTION FOR STAY PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION. NO. 05 CV 1167 DMS (AJB)

1   FAA, 9 U.S.C. § 16, which authorizes an immediate appeal from an order denying arbitration.

2       On August 21, counsel for ATTM conferred with counsel for Plaintiffs and requested that

3   Plaintiffs agree to a stay of proceedings in *Concepcion* pending the resolution of ATTM's ap-

4   peal.  Plaintiffs' counsel refused.  Declaration of Michele A. Powers ¶ 3 (filed herewith).

5                              **ARGUMENT**

6   **I.    A STAY IS WARRANTED BECAUSE ATTM'S APPEAL RAISES "SUBSTAN-
        TIAL," NON-FRIVOLOUS QUESTIONS.**

7

8       As other California district courts addressing the issue have recognized, the statutory his-

9   tory of the FAA evidences a congressional preference for stays pending appeal.  When Congress

10  amended the statute in 1988, it authorized interlocutory appeals only from orders ***denying*** mo-

11  tions to compel or stay litigation during arbitration, while barring appeals from orders ***granting***

12  such motions.[2]  Thus, "[b]y specifically allowing for an immediate appeal from a decision deny-

13  ing arbitration, Congress has * * * indicated that all questions of whether a dispute should be

14  arbitrated should be resolved before time and money is spent in litigation."  *Ford* Order at 4; *see*

15  *also Cervantes* Order at 3 (same); *Stern*, 2006 WL 2790243, at *1 ("Congress * * * indicated its

16  policy favoring arbitration by specifically allowing for immediate appeal of a decision denying a

17  motion to compel arbitration.").  These legislative choices "reflect[] a deliberate determination

18  that appeal rules should reflect a strong policy favoring arbitration," which is "commonly valued

19  because in comparison to litigation it is seen as faster, less expensive, and more expert."  15B

20  CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3914.17 (2d ed. 1992).

21      Congress recognized in these amendments that "the expense and delay associated with

22  preparation for trial would obviate the benefits of arbitration, producing a costly error should the

23  ----

    [2]    As the House report explains:

24      [I]nterlocutory appeals are provided for when a trial court rejects a contention that
        a dispute is arbitrable under an agreement of the parties and instead requires the

25      parties to litigate.  In contrast, interlocutory appeals are specifically prohibited
        * * * when the trial court finds that the parties have agreed to arbitrate and that

26      the dispute comes within the arbitration agreement.

27  H.R. Rep. No. 100-889, at 36–37 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5997;
    *see also* 9 U.S.C. § 16 (codifying amendments).

28

1   district court's refusal to enforce an arbitration agreement be reversed on appeal."  Edith H.

2   Jones, *Appeals of Arbitration Orders—Coming Out of the Serbonian Bog*, 31 S. TEX. L. REV.

3   361, 375–76 (1990).  Accordingly, "the fact that Congress made provision in section 16 for an

4   interlocutory appeal from a denial of * * * arbitration will usually tilt the balance in favor of

5   granting such a stay whenever doing otherwise would effectively deprive the appellant of the

6   possibility of having the underlying controversy presented to an arbitrator in the first instance."

7   *Cendant Corp. v. Forbes,* 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999).  For this reason, "[a] district

8   court must be careful not to undermine this policy by pushing forward with a case in the face of a

9   pending appeal from the denial of arbitration, except in more compelling circumstances than are

10   here presented."  *Id.*

11        To be sure, as this Court has recognized, in the Ninth Circuit an appeal from the denial of

12   a motion to compel arbitration does not ***automatically*** result in a stay of litigation.  *See Laster*

13   Stay Order (Dkt. No. 98) at 2–3.  In *Britton*, the Ninth Circuit held that such an appeal does not

14   "divest[]" the district court "of jurisdiction to proceed with the case on the merits."  916 F.2d at

15   1412.  That holding conflicts with decisions of five other federal courts of appeals, which have

16   held that such an appeal generally does divest the district court of jurisdiction to continue pro-

17   ceedings and thereby effectively institutes a stay.[3]  We accordingly preserve the argument that

18   *Britton* is on the wrong side of the split among the circuits for potential review by the en banc

19   Ninth Circuit and the U.S. Supreme Court.

20        In any event, a stay is fully appropriate under the Ninth Circuit's test.  The *Britton* court

21   rested on the view that an automatic stay "would allow a defendant to stall a trial simply by

22   bringing a ***frivolous*** motion to compel arbitration."  *Britton*, 916 F.2d at 1412 (emphasis added).

23   As this Court explained, a stay pending appeal therefore is warranted if the "appeal raise[s] a

24

25   ---

[3]        *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v.
Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree
Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bombardier Corp. v. Nat'l R.R. Passen-
ger Corp.*, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002); *Bradford-Scott Data Corp. v.
Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997).  *But see Motorola Credit
Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) ("adopt[ing] Ninth Circuit's position" in *Britton*).

26

27

28

MOTION FOR STAY PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION. NO. 05 CV 1167 DMS (AJB)

1    serious legal issue, *i.e.*, one that is not frivolous, regardless of whether or not the district court

2    believes that the appellant's arguments will be successful [on appeal]."  *Laster* Stay Order (Dkt.

3    No. 98) at 3 (citing *Britton*, 916 F.2d at 1412); *see also id.* at 4 ("the appellant need not show a

4    mathematical probability of success" to obtain a stay pending appeal) (quoting *C.B.S. Employees*

5    *Fed. Credit Union v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 716 F. Supp. 307, 310 (W.D.

6    Tenn. 1989)).

7          We respectfully submit that ATTM raises a "serious" issue in contending that its revised

8    arbitration provision is fully enforceable under California law.  In *Shroyer*, the Ninth Circuit

9    invalidated an earlier version of ATTM's arbitration provision because it did not provide for

10   sufficient "individual *gain*" for consumers to encourage them to arbitrate their individual claims.

11   498 F.3d at 986 (emphasis in original).  Although this Court denied ATTM's motion to compel

12   arbitration, the Court recognized that ATTM's revised arbitration provision "is an adequate

13   substitute for class arbitration" in encouraging consumers to pursue "disputes involving small

14   damages" and also noted that "the Concepcions arguably would be better off to individually

15   pursue their claim in arbitration" than in class action litigation.  Order Denying Arbitration (Dkt.

16   No. 154) at 17, 20 n.10.  Neither the Ninth Circuit nor the California appellate courts have ever

17   addressed the enforceability of an arbitration provision that provides affirmative inducements to

18   invoke the arbitration process.  Accordingly, ATTM's position that its revised arbitration provi-

19   sion is enforceable under California law cannot be deemed insubstantial.  Indeed, as Judge Arm-

20   strong explained in granting a stay pending appeal of her order invalidating the same arbitration

21   provision as at issue here, "it is reasonable to take [this] issue up on appeal, not only because of

22   its nature, but also to resolve an important issue of widespread consumer concern, at the appel-

23   late level, sooner rather than later."  *Stiener* Order at 5.

24         ATTM's preemption arguments also are substantial.  As the Supreme Court has just reit-

25   erated, Section 2 of the FAA forbids states from "impos[ing] prerequisites to enforcement of an

26   arbitration agreement that are not applicable to contracts generally."  *Preston v. Ferrer*, 128 S.

27

28

-6-

Ct. 978, 985 (2008).[4]  Under generally applicable California law, contracts are not unconscionable unless the bargain they represent so "shocks the conscience" (*Belton v. Comcast Cable Holdings, LLC*, 60 Cal. Rptr. 3d 631, 649–50 (Ct. App. 2007)) that "no man in his senses, and not under delusion, would make [it] on the one hand, and [that] no honest and fair man would accept [it] on the other." (*Herbert v. Lankershim*, 71 P.2d 220, 257 (Cal. 1937) (internal quotation marks omitted)).  ATTM's revised arbitration provision comes nowhere near that extreme degree of unfairness—as is reflected in this Court's observation that the Concepcions would be better off in arbitration than as named plaintiffs in a class action.  Accordingly, we respectfully submit that, as understood by this Court, California law respecting agreements to arbitrate individually deviates from generally applicable contract law principles in violation of Section 2 of the FAA.  *See Preston*, 128 S. Ct. at 985; *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987).

In addition, the Supreme Court's decision in *Preston* suggests that California law—which, as interpreted by this Court, effectively amounts to a blanket rule against agreements to arbitrate on an individual basis—would be preempted by the FAA because its application would frustrate the FAA's "prime objective" of "achiev[ing] 'streamlined proceedings and expeditious results.'" 128 S. Ct. at 986.[5]  There can be no doubt that engrafting class proceedings onto arbitration would "hinder speedy resolution of the controversy" (*id.*) between the Concepcions and

---

[4]      Section 2 of the FAA mandates that written agreements to arbitrate involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of *any* contract." 9 U.S.C. § 2 (emphasis added).

[5]      In *Preston*, the Court held that the FAA preempted a provision of the California's Talent Agencies Act that required the Labor Commissioner to decide a dispute before it could be submitted to arbitration.  *See* 128 S. Ct. at 981, 984–85.  The Court rejected the argument that the California law is "compatible with the FAA because [the California law] merely postpones arbitration until after the Labor Commissioner has exercised her primary jurisdiction."  *Id.* at 985.  The Court explained that "[a] prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'"  *Id.* at 986 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633 (1985)).  "That objective would be frustrated," however, because even the mere act of "[r]equiring initial reference of the parties' dispute to the Labor Commissioner would, at the least, hinder speedy resolution of the controversy."  *Id.*  Here, at the least, there can be no doubt that engrafting class proceedings onto arbitration would "hinder speedy resolution of the controversy" (*id.*) between plaintiffs and ATTM.

---

-7-

ATTM.  Even worse, such a rule would cause businesses to abandon arbitration altogether, as no rational business would agree to a class arbitration, which features the bet-the-company stakes of class action litigation without the safety valve of judicial review.  *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005) (standard for vacating arbitral award is "among the narrowest known to law").

These preemption arguments raise substantial questions on appeal.  Although we recognize that this Court previously rejected ATTM's preemption arguments in *Laster* (*see* Order Denying Arbitration (Dkt. No. 154) at 20 n.11) and that the Ninth Circuit rejected similar arguments in *Shroyer*, the Ninth Circuit is obligated to consider the effect of the Supreme Court's recent decision in *Preston*.  Moreover, the Third Circuit has held that the FAA preempts Pennsylvania state-court decisions invalidating arbitration agreements that prohibit class arbitration. *See Gay v. CreditInform*, 511 F.3d 369, 392–95 (3d Cir. 2007).  Accordingly, even if the Ninth Circuit were to reject ATTM's preemption arguments on appeal, that decision would implicate a circuit split that could increase the likelihood of Supreme Court review.

## II.      THE BALANCE OF THE EQUITIES TIPS HEAVILY IN FAVOR OF A STAY.

To determine whether a stay should be granted, the Court may also consider whether (1) the stay applicant "will be irreparably injured absent a stay"; (2) a stay would "substantially injure the other parties interested in the proceeding"; and (3) the "public interest favors a stay." *C.B.S.,* 716 F. Supp. at 309–10 (cited in *Britton*, 916 F.2d at 1412); *see also Winig*, 2006 WL 3201047, at *1 n.1 (considering *C.B.S.* factors).  As this Court has previously explained, "the balance of equities favor a stay of the proceedings."  *Laster* Stay Order (Dkt. No. 98) at 4.  For the same reasons, all of these factors weigh in favor of granting a stay in this case.

### A.      Further Proceedings In This Court Pending Resolution Of ATTM's Appeal Would Cause ATTM Irreparable Harm.

There can be no question that ATTM will be irreparably harmed if a stay is denied.  As this Court has previously noted, "if the Court were to deny a stay of the proceedings and later be reversed on appeal on the issue of arbitration, the litigation expenses incurred during trial would defeat the important cost-limiting purpose of arbitration agreements."  *Laster* Stay Order (Dkt.

-8-

No. 98) at 4.

The same reasoning applies here.  Indeed, other federal district courts in California have repeatedly held that stays pending the appeal from an order denying a motion to compel arbitration are appropriate.  As Judge Armstrong found in granting a stay motion in a case involving the same arbitration provision, the irreparable-harm factor "'strongly' favors a stay" because ATTM "will suffer lost time and money, were the Ninth Circuit to reverse":

> Were this matter to proceed, in addition to the standard costs and burden associated with consumer litigation, the [plaintiffs] would seek class certification, probably opposed by [ATTM and the other defendants], possibly leading to another interlocutory appeal, or alternatively, to expensive and burdensome notification and certification procedures.

*Stiener* Order at 8.  Judge Miller similarly explained that ATTM "[u]ndoubtedly" would "suffer irreparable harm without a stay in proceedings" because ATTM would "be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration."  *Ford* Order at 3-4; *see also Cervantes* Order at 2 (same).  Judge Snyder similarly determined that "[i]f defendants are forced to continue litigation, they will lose the benefits of arbitration in the event the Ninth Circuit upholds the arbitration clause."  *Stern*, 2006 WL 2790243, at *2.  And Judge Collins likewise explained that "[s]hould proceedings before this Court continue pending appeal, Defendants would clearly suffer irreparable harm. They would be forced to incur the expense of litigation and trial preparation, which expense may well be for naught should the Ninth Circuit ultimately order arbitration."  *Sasik* Order at 2.

If a party "must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are **lost forever**."  *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (emphasis added) (observing that these consequences are "serious, perhaps, irreparable"); *see also* Order (Dkt. No. 98) at 4 (citing *Alascom*); *Winig*, 2006 WL 3201047, at *2 (same); *Sasik* Order at 2 (same).  Though the cost of litigation may not be considered an irreparable harm in other situations, "this is a unique situation" because "[t]he main purpose for defendants' appeal is to avoid the expense of litigation"; therefore, "the time and expense of litigation [d]o constitute irreparable harm in this instance."  *C.B.S.*, 716 F. Supp.

at 310.  As the Seventh Circuit has explained:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper.  These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially.  The ***worst possible outcome*** would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced.  Immediate appeal under [9 U.S.C.] § 16(a) helps to cut the loss from duplication.  Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (emphasis added); *see also Lummus Co. v. Commonwealth Oil Ref. Co.*, 273 F.2d 613, 613–14 (1st Cir. 1959) (granting motion to delay discovery pending appeal of district court's order because "a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation"); *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 309 (S.D. Tex. 1999) (being "forced to participate in discovery" by which the "right to arbitrate the dispute will be jeopardized" represents irreparable injury).

These concerns are equally implicated by ATTM's appeal in this case.  If ATTM succeeds on appeal, any further proceedings, including discovery and resolution of the merits, must take place before an arbitrator, not this Court.  If proceedings continue in this Court while ATTM's appeal is pending, such duplication of effort will result in irreparable harm to ATTM.

## B. Any Delay In Proceedings Occasioned By A Stay Would Not Cause Plaintiffs Material Injury.

On the other side of the ledger, plaintiffs would suffer no comparable harm if the Court grants a stay.  For one thing, it is undisputed that plaintiffs' claims are small; this Court has estimated the value of each plaintiff's claim at "no more than $30."  Order Denying Arbitration (Dkt. No. 154) at 14.  Hence, delay in the adjudication of those claims cannot possibly harm plaintiffs financially.  And even if it could, plaintiffs retain the option of pursuing their claims in small claims court or sending ATTM a notice of the dispute and commencing arbitration.  Indeed, this Court has already observed that plaintiffs would likely fare better in arbitration than in

1    a class action.[6]

2         Any other harm that plaintiffs might sustain because of a stay does not compare to the un-

3    justifiable waste of time and money that would result from proceeding with this litigation before

4    the Ninth Circuit decides whether this dispute is even subject to judicial resolution.  *See, e.g.,*

5    *C.B.S.*, 716 F. Supp. at 310 (general disadvantage to plaintiff caused by delay of proceedings was

6    outweighed by potential injury to defendant from proceeding in district court during pendency of

7    appeal); *Trefny,* 243 B.R. at 310 (same).

8         **C.    A Stay Would Be In The Public Interest.**

9         As this Court has already explained, a stay also would "serve the public's interest in pro-

10   moting the 'strong federal policy encouraging arbitration as "prompt, economical and adequate"

11   method of dispute resolution.'"  *Laster* Stay Order (Dkt. No. 98) at 4, 5 (quoting *A.G. Edwards*,

12   967 F.2d at 1404 n.2).   Other federal district judges in California agree.   As Judge Collins has

13   observed, the "public interest also weighs in favor of a stay" because "Congress has legislated a

14   clear public policy in favor of arbitration," and "by specifically permitting immediate interlocu-

15   tory appeals from denials of motions to compel arbitration, Congress has further indicated that

16   all questions of whether a dispute should be arbitrated should be resolved before the parties' time

17   and money are spent in litigation."  *Sasik* Order at 3.  Judge Chesney reached the same conclu-

18   sion, explaining that "a stay would advance the public interest in arbitration by ensuring that

19   Cingular is not required to litigate the instant action in district court unless and until the Ninth

20   Circuit resolves the pending appeal in plaintiff's favor."  *Winig*, 2006 WL 3201047, at * 3 (quot-

21

22   ───────────────────
     [6]    Plaintiffs no doubt will contend that the delay will injure the absent class members.  But
23   no class has been certified yet (and none may ever be certified), so any injury to absent class
     members—which again would be quite small on an individual basis—is too speculative to weigh
24   in the balance.  As Judge Chesney has noted:
          Even if [the alleged] conduct ultimately is determined to be unlawful, however,
25        the proposed class will have suffered little additional injury as a result of the stay,
          given what appears to be a small amount of monetary damages assertedly suffered
26        by the individual members of the proposed class.  * * *  Moreover, any such in-
          jury can be redressed by an award of damages if plaintiff ultimately prevails.
27   *Winig*, 2006 WL 3201047, at *2.

28

1  ing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Judge Miller

2  similarly noted that "Congress, through the FAA, has expressed that arbitration is in the public

3  interest," and that this "public interest ultimately tips the balance in favor of the appealing party"

4  who "is seeking a stay to appeal the denial of a motion to compel arbitration."  *Ford* Order at 4;

5  *see also Cervantes* Order at 3 (same).  And Judge Snyder likewise concluded that granting a stay

6  pending appeal of an order denying a motion to compel arbitration would "serve the public

7  interest in arbitration as articulated by Congress."  *Stern*, 2006 WL 2790243, at *2.

8       Thus, the balance of hardships tips decidedly in favor of granting a stay, and when "the

9  public interest is included, that balance is overwhelming."  *Lopez v. Heckler*, 713 F.2d 1432,

10  1438 (9th Cir. 1983).

11                              **CONCLUSION**

12       The Court should stay all proceedings against ATTM in *Concepcion*, including discov-

13  ery, pending resolution of ATTM's appeal from the Court's order denying its motion to compel

14  arbitration of the claims of plaintiffs Vincent and Liza Concepcion.

15

16  DATED:  August 25, 2008            MAYER BROWN LLP

17                                     By: /s/ Donald M. Falk
18                                         Donald M. Falk

19                                     WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA
                                           & MacCUISH LLP
20                                     Jesse M. Jauregui
                                       Michele A. Powers
21
22                                     *Attorneys for Defendant AT&T MOBILITY LLC*

23  *Of Counsel:*

24  Evan M. Tager
    Archis A. Parasharami
25  MAYER BROWN LLP
    1909 K Street, N.W.
26  Washington, D.C. 20006-1101
    Telephone: (202) 263-3000
27  Facsimile:  (202) 263-3300

28

                                        -12-

**TAB 1**

1   **UNITED STATES DISTRICT COURT**
2   **NORTHERN DISTRICT OF CALIFORNIA**
    **OAKLAND DIVISION**

3

4   ZOLTAN STEINER, *et al.*,                        No.  C 07-04486 SBA

5                   Plaintiff,                       **ORDER**

6       v.                                           [Docket No. 63]

7   APPLE COMPUTER, INC., *et al.*,

8                   Defendant.
    _____

9

10                          **REQUEST BEFORE THE COURT**

11          Before the Court is defendant AT&T Mobility, LLC's Motion to Stay Proceedings Pending

12  Appeal (the "Motion") [Docket No. 63].  Defendant AT&T Mobility, LLC ("AT&T"), seeks to stay

13  these proceedings until the Ninth Circuit Court of Appeals disposes of AT&T's appeal of this

14  Court's March 12, 2008 Order [Docket No. 59]; *Steiner v. Apple Computer, Inc.*, No. C 07-04486

15  SBA, slip op., 2008 WL 691720 (N.D. Cal. Mar. 12, 2008),[1] denying AT&T's Motion to Compel

16  Arbitration and to Dismiss Claims Pursuant to the Federal Arbitration Act [Docket No. 38].  The

17  Court finds this matter appropriate for resolution without a hearing under Federal Rule of Civil

18  Procedure 78(b).  For the following reasons, the Court follows the general practice in the California

19  district courts, and GRANTS the Motion.

20                              **BACKGROUND**

21          On August 29, 2007, plaintiffs the Stieners sued, individually and on behalf of all others

22  similarly situated, AT&T and Apple, Inc.[2] ("Apple") for breach of contract, violation of the implied

23  warranty of merchantability, fraudulent concealment, and unfair competition under section 17200 *et*

24  *seq.* of the California Business and Professions Code.  Docket No. 1 at 1, ¶¶ 45-59 (Compl.).  They

25  alleged Apple's iPhone, sold by AT&T, has a battery inside which cannot be removed by consumer,

26  _____

27  [1]        No LEXIS citation is available.

28  [2]        Apple has not filed any pleadings regarding the Motion.

1  but which must be replaced about once every year, at a cost of about $110.  *Id.* ¶¶ 24-28.  They

2  further alleged they were not informed of these charges at or before purchase.  *Id.* ¶¶ 30-31.

3          On November 21, 2007, AT&T filed a Motion to Compel Arbitration and to Dismiss Claims

4  Pursuant to the Federal Arbitration Act.  *See* Docket No. 38.  On March 12, 2008, the Court denied

5  this motion, holding AT&T's class arbitration waiver was unconscionable under *Shroyer v. New*

6  *Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007), which construing *Discover Bank v.*

7  *Superior Court*, 36 Cal.4th 148, 113 P.3d 1100 (2005), had held a prior version of AT&T's class

8  arbitration waiver was unconscionable.  *See* Docket No. 59; *Steiner*, 2008 WL 691720.  On

9  March 18, 2008, AT&T appealed this Court's ruling to the Ninth Circuit.  *See* Docket No. 60.  And,

10  on March 24, 2008, it filed the Motion seeking to stay these proceedings, pending the Ninth

11  Circuit's disposition of its appeal.  *See* Docket No. 63.  In response, the Stieners filed their

12  Memorandum in Opposition re Motion to Stay (the "Opposition").  *See* Docket No. 76.

13                                  **LEGAL STANDARD**

14          Under the Federal Arbitration Act, (the "FAA"), 9 U.S.C. § 1 *et seq.*, a party may take an

15  interlocutory appeal from an order denying a motion to compel arbitration, but not an order granting

16  such a motion.  9 U.S.C. § 16(a)(1)(B), (b)(2); *see Britton v. Co-Op Banking Group*, 916 F.2d 1405,

17  1409-10 (9th Cir. 1990).  "[A]n appeal of an interlocutory order does not ordinarily deprive the

18  district court of jurisdiction except with regard to the matters that are the subject of the appeal."[3]  *Id.*

19  at 1412.  If this were not the case:

20          a defendant [could] stall a trial simply by bringing a frivolous motion to compel

21          arbitration.  The system created by the Federal Arbitration Act allows the district

22  _____

23  [3]      In its Motion, AT&T noted the Third, Seventh, Tenth, and Eleventh Circuits have held stays
     are automatic for interlocutory appeals arising from the denial of a motion to compel arbitration,
24  while the Second and Ninth Circuits have held such stays are discretionary.  Mot. at 4 n.2 (citing
     *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton*
25  *Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366
     F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
26  128 F.3d 504, 506 (7th Cir. 1997); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004),
     *cert. denied*, 544 U.S. 1044 (2005); *Britton*, 916 F.2d 1405).  AT&T also brought to this Court's
27  attention an unpublished, or at least unreported, two-sentence per curiam opinion from the District
     of Columbia Circuit, appearing to side with the "automatic" camp.  Mot. at 4 n.2 (citing *Bombardier*
28  *Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924 (indicating unreported),
     2002 U.S. App. LEXIS 25858 (indicating unpublished) (D.C. Cir. Dec. 12, 2002) (per curiam)).

                                          2

court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration.

*Id.*

The factors regulating the issuance of a stay pending appeal are:

(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770,776 (1987)

**ANALYSIS**

For the following reasons, the Court finds a stay is warranted.

**I.    AT&T has not made a strong showing it is likely to succeed on the merits.**

AT&T failed to address this issue, and instead merely argued its appeal raised a "substantial" and "non-frivolous" question.  Mot. at 4:10-5:12.  While the Court agrees with AT&T, it argued the wrong legal standard.  Further, for the following reasons, the Court finds AT&T is unlikely to succeed on appeal.  In making its argument, AT&T apparently misinterpreted *Britton*'s holding. The Ninth Circuit, in *Britton*, held the FAA allows a court to stay proceedings, pending an appeal from the denial of motion to compel arbitration, if the court "finds that the motion presents a substantial question."  *Britton*, 916 F.2d at 1412.  The Ninth Circuit did not define the term "substantial" but instead cited to two cases, *Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826 (D.C. Cir. 1987) and *C.B.S. Employees Fed. Credit Union v. Donaldson*, 716 F.Supp. 307 (W.D. Tenn. 1989).

In relying on *Pearce*, the Ninth Circuit noted in that case, the district court, after denying appellant's motion to compel arbitration, granted its motion for stay pending appeal because appellant's claim raised issues of first impression, and because appellant would suffer substantial harm if the action were not stayed."  *Britton*, 916 F.2d at 1412 (citing *Pearce*, 828 F.2d at 829).

///

1 ///

2  AT&T's appeal presents no issue of first impression,[4] so this aspect of *Pearce*, does not support its

3 motion to stay.  As for the issue of substantial harm, the Court addresses it in part II, *supra*.

4        In regards to *C.B.S.*, the Ninth Circuit noted the Western District of Tennessee had

5 developed a test to determine whether a district court should stay trial proceedings, pending an

6 appeal from the denial of a motion to stay proceedings, pending arbitration.  *Britton*, 916 F.2d

7 at 1412.  In *C.B.S.*, the court adopted the four-pronged *Hilton* test noted *supra*.  *C.B.S.*, 716 F.Supp.

8 at 309.  The *C.B.S.* court said the Supreme Court had adopted this test to determine whether a stay

9 was appropriate, under Federal Rule of Civil Procedure 62(c), which addressed whether an

10 injunction or modifications thereto, should stand, pending an appeal taken against that injunction or

11 those modifications.  *C.B.S.*, 716 F.Supp. at 309.

12        The *C.B.S.* court also held where an appellant could not show it would *likely succeed* on the

13 merits, but could show it had made a *substantial case* on the merits, then a district court had the

14 *discretion* to grant a stay, if the other three *Hilton* factors *strongly favored* interim relief.  *Id.* at 309-

15 10 (citing *Wash. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977)).[5]

16        In its Motion, AT&T argued the question of whether its class arbitration waiver was

17 unconscionable or not, under California common law, was a substantial one, and certainly not

18 frivolous, in essence because reasonable persons could disagree as to the answer.[6]  *See* Mot.

19

20 _____

21 [4]      AT&T argued the Ninth Circuit has not yet addressed its allegedly new and improved
version of its arbitration agreement, which was struck down in this matter.  *See* Mot. at 4.  The Court
agrees, but notes AT&T has not fundamentally altered or cured the defects in its class arbitration

22 waiver, which led to its demise in *Shroyer*.  In other words, AT&T may have painted its house a
different color, but the Ninth Circuit has been inside the house before.

23

24 [5]      In contrast to AT&T, the Stieners correctly noted this applicable standard of law in their
Opposition.  Opp'n at 3:22-24.  They also alleged, however, "the law in this Circuit does not favor
the granting of a stay pending appeals[.]"  Opp'n at 5:16.  They did not, however, provide any legal

25 support for their allegation, so the Court is unable to consider it.

26 [6]      In support of this point, AT&T pointed the Court to a slip opinion from the Eastern District
of Arkansas, construing Arkansas law, claiming it upheld the "provision" struck down by this Court.

27 Mot. at 4:22-5:1 (citing *Davidson v. Cingular Wireless LLC*, No. 2:06CV00133-WRW, slip op.,
2007 WL 896349, 2007 U.S. Dist. LEXIS 21040 (E.D. Ark. 2007)).  As the Stieners correctly note,

28 in this matter, the application of unconscionability must turn on the law of California, not Arkansas.
Opp'n at 5:16-20.

at 4:15-19. AT&T based its argument on two allegedly disputed issues. First, whether the purported enhancements to its arbitration agreement allow it to survive *Shroyer*. And second, whether or not in light of *Preston v. Ferrer*, __ U.S. ___, 128 S.Ct. 978 (2008), the FAA preempts the alleged California requirement that arbitration agreements not have class arbitration waivers.[7] *Id.* at 5:1-12. In opposition, the Stieners argued AT&T was essentially relitigating the same class arbitration waiver struck down in *Shroyer*, and thus its question was unsubstantial. Opp'n at 4:27-5:15.

The Court partially agrees with the Stieners, in that AT&T is not likely to succeed on appeal. With regards to its first issue of the alleged "enhanced" arbitration agreement, under *Shroyer*, the Ninth Circuit is quite likely to strike it down. In regards to AT&T's second issue, the Ninth Circuit already dispensed with any and all preemption concerns in *Shroyer*, as discussed in this Court's previous Order. *See* Docket No. 59 at Analysis part III; *Steiner*, 2008 WL 691720 at *16-*17. Further, although *Preston* was unsettled law when AT&T submitted the opinion to the Court, just prior to the Court issuing its Order, the Court did note *Preston* did not address unconscionability. *See* Docket No. 59 at 8 n.7; *Steiner*, 2008 WL 691720 at *5 n.7.

Despite the foregoing, the Court also agrees with AT&T that it is reasonable to take the first issue up on appeal, not only because of its nature, but also to resolve an important issue of widespread consumer concern, at the appellate level, sooner rather than later. Because the Court finds AT&T's question is substantial, however, AT&T is only entitled to a stay, under *Britton*, if it is *strongly* favored under *Hilton*'s three other factors. The Court now turns to address them.[8]

---

[7] The Court notes California has never absolutely banned class arbitration waivers. *See* Docket No. 59 at 10; *Steiner*, 2008 WL 691720 at *6. Nor, does it condition the enforcement of an arbitration agreement on the absence of a class waiver. *See* Mot. at 5:10-12. Further, AT&T expressly provided if its class arbitration waiver failed, its entire arbitration agreement would fail. *See* Docket No. 59 at part III.E; *Steiner*, 2008 WL 691720 at *3. Thus, it is AT&T's unconscionable class arbitration waivers and its own non-severability clauses, which have caused it problems. Not any alleged blanket ban instituted by California.

[8] As an additional argument regarding the substantial nature of the issue giving rise to its appeal, AT&T argued the fact that section 16 of the FAA provides for interlocutory appeals from the denial of a motion to compel arbitration, but not the grant of such a motion, showed a Congressional preference for such appeals, which suggested its appeal must be substantial. Mot. at 2:27-4:1. As the Stieners correctly noted, AT&T was attempting to carve out an exception which would swallow the rule. Opp'n at 4:24-25. AT&T erred here by arguing public policy, rather than the merits of its appeal. *Hilton* considers the former under its fourth factor, not its second.

///

**II.     AT&T would suffer substantial irreparable harm absent a stay.**

Turning to the second *Hilton* factor, AT&T argued if this matter were to go forward, it would incur the cost of certain discovery processes which would generally not be allowed in arbitration. Mot. at 5:22-6:2.  Further, if this matter were to proceeded to trial, and then the Ninth Circuit reversed the Court's prior Order, then AT&T will have lost substantial time and money.  Mot. at 6:2-7:19.  AT&T admitted that litigation expenses usually do not constitute "irreparable harm," but argued they do in this context, as this is the "harm" arbitration is designed to avoid.  *Id.* at 6:25-28 (citing *C.B.S.*, 716 F.Supp. at 310).  Further, AT&T argued, this is exactly the harm to which it would be exposed, absent a stay.  *Id.*

In Opposition, the Stieners concede AT&T would suffer irreparable injury, but not a "substantial" irreparable injury, were this matter to proceed forward.  Opp'n at 6:3-5.  They argue all litigation entails the risk of costs, and using this basis to justify a stay here would justify a stay in every case where a court denied a motion to compel arbitration.  *Id.* at 6:5-9.  This, they argue, would nullify *Britton*'s discretionary standard.  *Id.*  Lastly, they argue AT&T failed to provide any case law providing litigation costs are "ordinarily" considered "irreparable harm."  *Id.* at 6:10-11.

Taking the Stiener's arguments in reverse order, AT&T did direct the Court to three appellate cases, *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984), *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505-06 (7th Cir.1997), and *Lummus Co. v. Commonw. Oil Ref. Co.*, 273 F.2d 613, 613-14 (1st Cir. 1959),[9] which AT&T alleged held litigation costs would constitute irreparable harm, under the circumstance presented here.  Mot. at 6:21-7:13.  And, it urged the Court to follow other California districts which had granted stays in similar situations.  Mot at 6:3-25 (citing *Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 WL 3201047, *3, 2006 U.S. Dist. LEXIS 83116, *10 (N.D. Cal. Nov. 6, 2006) (unreported); *Sasik v. AT&T Wireless Servs., Inc.*, CV 05-2346 ABC, slip op. at 1 (C.D. Cal.

---

[9]     Bound by *Britton*, the Court does not analyze this case, nor does it address *Trefny v. Bear Sterns Sec. Corp.*, 243 B.R. 300 (S.D. Tex 1999), also raised by AT&T in discussing this *Hilton* factor.

Nov. 1, 2006); *Stern v. Cingular Wireless LLC*, No. CV 05-8842 CAS, 2006 WL 2790243, at *2, 2006 U.S. Dist. LEXIS 96312, *8 (C.D. Cal. Sept. 11, 2006) (unreported); *Laster v. T-Mobile USA, Inc.*, No. CV 05-1167 DMS AJB, 2006 U.S. Dist. LEXIS 88855, *1 (S.D. Cal. Mar. 14, 2006) (unreported);[10] *Cervantes v. Pac. Bell Wireless*, No. CV 06-01469 JM (RBB), slip op. at 3 (S.D. Cal. Mar. 8, 2006); *Ford v. Verisign, Inc.*, No. CV 05-0819 JM (RBB), slip op. at 5 (S.D. Cal. Mar. 8, 2006) (unreported)).

Putting aside the Stieners' third argument for the moment, the Court turns to their second argument that all litigations pose a risk of costs spent prior to a reversal on appeal. While the Stieners did not direct the Court to legal support for their argument, it nonetheless exists in *Bradberry v. T-Mobile USA, Inc.*, No. 06-6567 CW, 2007 WL 2221076, *3, 2007 U.S. Dist. LEXIS 58801, *11 (N.D. Cal. Aug. 2, 2007) (unreported). In *Bradberry,* the court held too many district courts, including *Winig*, *Laster*, and *Ford*, had given this factor's analysis short shrift, by simply deferring to *Alascom*.[11] *Bradberry*, 2007 WL 2221076 at *3, 2007 U.S. Dist. LEXIS 58801 at *10-*11. In *Alascom*, the Ninth Circuit considered a denied motion to compel arbitration, and held it would constitute "serious" irreparable harm for the defendant to proceed all the way to trial, then appeal, then find out the parties should have arbitrated, after having already lost the "advantages of arbitration -- speed and economy[.]" *Alascom*, 727 F.2d at 1422.

In *Bradberry*, however, the court noted *Alascom* preceded 1988 and 1990 amendments to the FAA which added the right of interlocutory appeal. *Bradberry*, 2007 WL 2221076 at *3 n.4, 2007 U.S. Dist. LEXIS 58801 at *10 n.4. And, the court in *Bradberry* noted that in 1990, *Britton*'s discretionary grant to the district courts, clearly modified *Alascom*, to the extent anyone previously read it as applying automatically. *Bradberry*, 2007 WL 2221076 at *3, 2007 U.S. Dist. LEXIS 58801 at *10-*11. Lastly, in *Bradberry*, the court addressed *Alascom*'s concern by denying the defendant's motion to stay without prejudice, so it could file it again should the matter proceed close to trial. *Bradberry*, 2007 WL 2221076 at *4, 2007 U.S. Dist. LEXIS 58801 at *11-*12.

---

[10]     No Westlaw citation is available.

[11]     *Sasik* and *Cervantes* also rely on *Alascom*. *Sasik*, CV 05-2346 ABC at *1; *Cervantes*, CV 06-01469 JM at *2-*3.

1    ///

2    ///

3         The Court in *Bradberry* also noted parties or courts in the Ninth Circuit should not rely on

4    *Bradford-Scott Data Corp.*, for guidance in this area, as it expressly criticized and rejected *Britton*'s

5    holding.[12]  *Bradberry*, 2007 WL 2221076 at *4, 2007 U.S. Dist. LEXIS 58801 at *11.

6         While the analysis in *Bradberry* is well reasoned, it is possible to find the costs of litigation,

7    in the face of a denied motion to compel arbitration, will generally constitute irreparable harm,

8    without nullifying *Britton*'s discretionary grant to the district courts.  In doing so, a court should

9    distinguish between this *Hilton* factor, and the *Hilton* test as a whole.  Just because this factor will

10   generally be satisfied in the special context of the denied motion to compel arbitration, does not

11   mean the entire *Hilton* test will generally be satisfied.  All this means is that appellants who make a

12   *strong showing they are likely to succeed on the merits*, will generally prevail on this second *Hilton*

13   factor.  In contrast, appellants who merely have *substantial questions* on appeal, will have to show

14   this factor *strongly* favors them, which will turn on the facts and circumstances of each case.

15        Turning to this issue, and the Stieners' first argument, that AT&T has not shown it would

16   suffer *substantial* irreparable harm, the Court notes, as just discussed, *Hilton* only requires a

17   showing of irreparable harm, not *substantial* irreparable harm.  Clearly, AT&T has met this burden,

18   as it will suffer lost time and money, were the Ninth Circuit to reverse.  At the same time, however,

19   because AT&T will not likely succeed on appeal, it must show the irreparable harm "strongly"

20   favors a stay.  In this case, it has.  Were this matter to proceed, in addition to the standard costs and

21   burden associated with consumer litigation, the Stieners would seek class certification, probably

22   opposed by AT&T and Apple, possibly leading to another interlocutory appeal, or alternatively, to

23   expensive and burdensome notification and certification procedures.

24        In addition, the Court finds almost every California district court to recently consider

25   whether to stay a matter, pending appeal of an order denying a motion to compel arbitration, has

26   issued a stay.  In addition to *Winig*, *Sasik*, *Stern*, *Laster*, *Cervantes*, and *Ford*, stays were issued in

27

28   [12]    *Ford* relies on *Bradford-Scott*, to find irreparable harm.  *Ford*, CV 05-0819 JM at *3-*4.

8

1    *Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111, *1 (N.D. Cal. Apr. 17, 2008),[13]

2    *Mundi v. Union Security Life Insurance Co.*, No. CV-F-06-1493 OWW TAG, 2007 WL 2385069,

3    *6, 2007 U.S. Dist. LEXIS 64012, *16-*17 (E.D. Cal. Aug. 15 or 17, 2007),[14] and *Jones v. Deutsche*

4    *Bank AG*, No. C 04-05357 JW, 2007 WL 1456041, *1, 2007 U.S. Dist. LEXIS 39094, *1 (N.D. Cal.

5    May 17, 2007).[15]  The only case the Court found denying a stay, besides *Bradberry*, was *Dunham v.*

6    *Environmental Chemical Corp.*, No. C06-03389 JSW, 2007 WL 39317, *1, 2007 U.S. Dist. LEXIS

7    3092, *3 (N.D. Cal. Jan. 04, 2007), though the opinion provided little analysis as to how the court

8    reached its conclusion.  Thus, considering the parties' arguments, the applicable law, and the

9    practice in the California districts, the Court finds AT&T has made a strong showing it would suffer

10   irreparable harm absent a stay.

11   **III.     A stay would not substantially injure other parties.**

12          Turning to the third *Hilton* factor, AT&T argued the Stieners' possible damages were about

13   $115, each, and thus a stay posed no harm to them.  Mot. at 7:22-26.  It also argued any harm to any

14   potential class members would also be individually small, speculative to consider, and could be

15   ultimately addressed were the Stieners to prevail on the merits.  *Id.* at 8 n.3  The Stieners did not

16   address this issue.  The Court thus finds this factor strongly favors granting a stay.

17   **IV.     The public interest strongly favors a stay.**

18          Turning to the fourth *Hilton* factor, AT&T argued there was a strong public policy favoring

19   arbitration, as evidenced by 9 U.S.C. § 16, which provides for interlocutory appeals when a motion

20   to compel arbitration is denied, but not when one is granted.  Mot. at 2:27-4:1.  AT&T also argued

21   this policy reflected the benefits arbitration provided, including saving time and money.  *Id.* at 3:7-

22   10 (citing 15B Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3914.17 (2d ed. 1992)).

23

24   _____

     [13]      No LEXIS citation is available.

25
     [14]      Westlaw indicates a filing date of August 17, while LEXIS indicates a date of August 15.

26
     [15]      In addition, although outside of California, the court in *Lowden v. T-Mobile USA, Inc.*, No. C

27   05-1482P, 2006 WL 1896678, *2 [no LEXIS cite available] (W.D. Wash. Jul. 10, 2006), also
     granted a stay, pending appeal.  As discussed in the Court's prior Order, in *Lowden*, the Ninth

28   Circuit voided one of AT&T's class arbitration waivers.  *See* Docket No. 59 at 8 n.7; *Steiner*, 2008
     WL 691720 at *5 n.7.

                                                          9

1   Further, AT&T noted a stay would avoid the parties and the Court wasting taxpayer resources on a

2   litigation which might be mooted on appeal. *Id.* at 8:10-16 (citing *C.B.S.*, 716 F.Supp. at 310 (a

3   court should not waste its resources on matters which did not belong before it in the first place)).

4   The Stieners did not address this factor.[16]  On the reasons presented by AT&T, the Court finds this

5   factor strongly favors granting a stay.

6                                          **CONCLUSION**

7           Accordingly, the Court GRANTS defendant AT&T Mobility, LLC's Motion to Stay

8   Proceedings Pending Appeal [Docket No. 63].  All matters calendared in this action are VACATED.

9   Defendant AT&T Mobility, LLC shall notify the Court in writing, within ten days of any disposition

10  of its appeal by the Ninth Circuit.

11

12

13          IT IS SO ORDERED.

14

15  April 28, 2008                                    _____
                                                     Saundra Brown Armstrong
16                                                   United States District Judge

17

18

19

20

21

22

23

24

25

26  _____

27  [16]      The Stieners did argue the Court should not stay this matter, as this would only stay it
    regarding AT&T, but not regarding Apple, leading to "a chaotic state of affairs ...." Opp'n at 6:14-
    16.  The Stieners did not indicate where in AT&T's motion it only requested a stay for the portions
28  of this matter directed at itself, as opposed to the matter as a whole.  As such, the stay granted
    operates to stay the *entire* matter.

**TAB 2**

DOCKETED ON CM

NOV - 2 2006

BY _____ 009

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

Case No.  CV 05-2346 ABC (CWx)                          Date   November 1, 2006

Title     Roman Sasik, et al. v. AT&T Wireless Services, Inc.

---

Present: The Honorable    Audrey B. Collins

|  Daphne Alex  |  None Present  |             |
|---------------|----------------|-------------|
| Deputy Clerk  | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:               Attorneys Present for Defendant:

None Present                                    None Present

**Proceedings:**      DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL
                      (In Chambers)

Pending before the Court is Defendant's Motion to Stay Proceedings Pending Appeal, filed on October 6, 2006. Plaintiffs filed an opposition on October 23, 2006, to which Defendant replied on October 30, 2006. The Court finds this motion appropriate for submission without oral argument, and VACATES the hearing date of November 6, 2006. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Upon consideration of the parties' submissions and the case file, the Court hereby GRANTS the Motion.

## PROCEDURAL HISTORY

On September 28, 2006, the Court denied Defendant's motion, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), to compel arbitration and stay litigation. Thereafter, contemporaneously with its filing of this motion, Defendant filed a Notice of Appeal of that order, pursuant to 9 U.S.C. § 16(a)(1)(A) and (B), which provide the right to an interlocutory appeal from "an order . . . refusing a stay of any action under section 3 of [Title 9]" or "denying a petition under section 4 of [Title 9] to order arbitration to proceed." Herein, Defendant asks this Court to stay proceedings pending its interlocutory appeal.

## DISCUSSION

In the Ninth Circuit, whether to grant a stay of proceedings pending appeal is "a proper subject for the exercise of discretion by the trial court." Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). For motions to stay proceedings pending the interlocutory appeal of a denial of a motion to compel arbitration, "the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." Britton, 916 F.2d at 1412.

Courts consider four factors when determining whether the grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's success on the merits; (2) whether the moving party

---

CV-90 (06/04)                      **CIVIL MINUTES - GENERAL**                      Page 1 of 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-2346 ABC (CWx) | Date | November 1, 2006 |
| Title | Roman Sasik, et al. v. AT&T Wireless Services, Inc. | | |

will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

A moving party's likelihood of success on the merits of its appeal is related to whether the appeal presents a "substantial question." Here, Defendants intend to appeal the question of whether the FAA preempts the holding in Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005), that a class action waiver provision in an agreement to arbitrate could be unconscionable under California law, and therefore unenforceable. Defendant contends that this holding is preempted either pursuant to Section 2 of the FAA, or pursuant to the doctrine of conflict preemption.

Defendant cites several cases in which courts have accepted its preemption arguments and compelled arbitration. With the exception of one recent case from this District which is also on appeal, all of these opinions are out-of-circuit. To the extent to which Ninth Circuit opinions have touched on these questions, they have been against Defendant's position. See Ting v. AT&T, 319 F.3d 1126, 1152 (9th Cir. 2003) (rejecting the argument that California's unconscionability doctrine is "inherently hostile" to arbitration); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1175 (9th Cir. 2003) (applying California unconscionability law to an agreement to arbitrate, and holding that "this bar on class-wide arbitration is patently one-sided, and [] substantively unconscionable.") The Ninth Circuit also registered its disagreement with the California Appellate Court decision that was reversed by the California Supreme Court in Discover Bank, stating, "Because unconscionability is a generally applicable contract defense, it may be applied to invalidate an arbitration agreement without contravening § 2 of the FAA." Ting, 319 F.3d 1126. However, although the above authorities hold that California unconscionability law applies to agreements to arbitrate, see Ingle, their discussions of preemption are indirect. Further, the Ninth Circuit has not yet published a decision either concurring with or rejecting Discover Bank's reasoning that the FAA does not preempt its unconscionability holding in any way. Accordingly, Defendant's appeal presents a substantial, non-frivolous question.

Should proceedings before this Court continue pending appeal, Defendants would clearly suffer irreparable harm. They would be forced to incur the expense of litigation and trial preparation, which expense may well be for naught should the Ninth Circuit ultimately order arbitration. In that case, Defendant would have lost the very advantages of arbitration that its appeal sought to secure, and the utility of pursuing an interlocutory appeal would be undermined. If Defendant was forced to litigate the underlying dispute, it would "lose forever " the speed and economy of arbitration. Alascom, Inc. V. ITT N. Elec. Co., 727 f.2d 1419, 1422 (9th Cir. 1984). Indeed, absent a stay, Defendant would be exposed to the risk of duplication of expense. See, e.g., Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997) (noting, "These benefits [of arbitration] are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced.") In light of Congress' authorization of an immediate interlocutory appeal of denials of motions to compel arbitration, and the FAA's policy of encouraging arbitration, the loss of the benefits of arbitration are not only irreparable, but also substantial.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-2346 ABC (CWx) | Date | November 1, 2006 |

| | |
|---|---|
| Title | Roman Sasik, et al. v. AT&T Wireless Services, Inc. |

Although the potential injury to Plaintiffs should a stay be granted is comparatively small in terms of possible financial hardship, the resolution of their claims would nevertheless be delayed. However, delay is always a consequence of a stay, and Plaintiffs have not demonstrated how delay here would be uniquely harmful to them in the context of this particular case. Thus, although delay is a non-trivial harm to Plaintiffs, it is not substantial enough to outweigh the harm that Defendants would risk absent a stay.

Finally, the public interest also weighs in favor of granting a stay. Through the FAA, Congress has legislated a clear public policy in favor of arbitration. Further, by specifically permitting immediate interlocutory appeals from denials of motions to compel arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before the parties' time and money are spent in litigation. The Court also notes that the public interest in judicial economy favors ordering a stay: should the interlocutory appeal ultimately result in an order to arbitrate, any proceedings that this Court would have conducted in the meantime would likely be rendered moot.

Accordingly, having considered the Hilton factors, in tandem with the federal public policy favoring arbitration, a stay of all proceedings pending appeal is warranted.

### CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for a Stay of Proceedings Pending Appeal.

**IT IS SO ORDERED.**

Initials of Preparer    *D.A*

**TAB 3**

















TKL   3/9/06   10:10

3:05-CV-00819   FORD V. VERISIGN INC

*137*

*O.*

```
                                                         FILED

                                                 06 MAR -8 PM 3: 04

                                                 CLERK U.S. DISTRICT COURT
                                                 SOUTHERN DISTRICT OF CALIFORNIA

                                                 BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORD, et al., | CASE NO. 05 CV 0819 JM (RBB) |
| Plaintiffs, | ORDER GRANTING |
| vs. | DEFENDANTS' MOTION TO STAY |
| VERISIGN, INC., et. al., | PROCEEDINGS PENDING APPEAL |
| Defendants. | |

**Background**

On December 19, 2005, this court denied Defendants Cingular and T-Mobile's motion to compel arbitration on the grounds that its prohibition on class actions was unconscionable under the California Supreme Court's recent decision in <u>Discover Bank v. Superior Court</u>, 30 Cal.4th 148 (2005). Pursuant to both the Cingular and T-Mobile contracts, the class action clause could not be severed and the entire arbitration provision was void if the clause prohibiting class actions was unenforceable. The court ordered Defendants to file a response within 30 days. This court also granted the motion to dismiss pursuant to Rule 12(b)(6), filed by Defendants Jamster and Verisign, primarily because Plaintiffs' failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs were granted leave to amend.

In early January all parties submitted a stipulation and proposed order which provided that Plaintiffs' Second Amended Complaint would be filed and served on January 6, 2006, and Defendants' response would be filed and served by February 6, 2006. The court signed that order on January 10. On January 11, all Defendants filed a motion to stay proceedings pending appeal, simultaneously filing

1  a notice of appeal with the Ninth Circuit.

2  **Analysis**

3  A court order denying a motion to compel arbitration is immediately appealable. <u>See</u> 9 U.S.C.

4  § 16(a)(3) (West 2005). Consistent with the federal policy favoring arbitration, "[s]ection 16 of [the

5  Federal Arbitration Act] 'endeavors to promote appeals from orders barring arbitration and limit

6  appeals from orders directing arbitration.'" <u>Bushley v. Credit Suisse First Boston</u>, 360 F.3d 1149,

7  1153 (9th Cir. 2004) (quoting <u>Augustea Impb Et Salvataggi v. Mitsubishi Corp.</u>, 126 F.3d 95, 98 (2d

8  Cir. 1997); 15B Charles Alan Wright, et al, Federal Practice & Procedure § 3914.17 (2d ed. 1992).

9  A district court is not required to stay proceedings pending the appeal. <u>See</u> <u>Britton v. Co-op Banking</u>

10  <u>Group</u>, 916 F.2d 1405, 1412 (9th Cir. 1990). "The system created by the Federal Arbitration Act

11  allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court

12  finds that the motion presents a substantial question, to stay the proceedings pending an appeal from

13  its refusal to compel arbitration." <u>Id.</u> Courts generally consider four factors when determining

14  whether to grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's

15  success on the merits; (2) whether the moving party will be irreparably injured if a stay is not granted;

16  (3) whether a stay will substantially injure the opposing party; and (4) the public interest. <u>See</u> <u>Hilton</u>

17  <u>v. Braunskill</u>, 481 U.S. 770, 776 (1987).

18       A.   <u>Likelihood of Success on the Merits</u>

19           1.   *Waiver of Right To Appeal*

20  Plaintiffs contend that Defendants waived their right to appeal and consented to the jurisdiction

21  of this court when they entered into the stipulation to respond to the complaint by February 6, 2006.

22  Whether Defendants in fact waived their right to appeal is not an issue the district court can resolve.

23  Furthermore, judicial policy favors the preservation of rights and decisions based on the merits.

24  Finding a waiver of a right to appeal in a short stipulation dealing with scheduling runs contrary to this

25  policy and essentially grants Plaintiffs a default. <u>See</u> <u>Fisher v. A.G. Becker Paribas, Inc.</u>, 791 F.2d

26  691, 694 (9th Cir. 1986) ("[W]aiver of the right to arbitration is disfavored[.]").

27           2.   *Existence of a Substantial Question and Likelihood of Success on the Merits*

28  According to their papers, Defendants intend to appeal the question of whether Section 2 of

1    the Federal Arbitration Act preempts application of <u>Discover Bank</u>, and whether "conditioning

2    enforcement of an arbitration provision on the availability of class-wide arbitration frustrates the

3    purpose of the FAA and hence is preempted under the doctrine of conflict-preemption." Defs. Mem.

4    P & A at 2. Plaintiffs argue that there is no substantial question on appeal because Defendants created

5    the situation they intend to appeal. Plaintiffs point out that it is Defendants who caused the entire

6    arbitration provision to be invalid because they included a clause in their contract that declared the

7    arbitration provision void in the event the prohibition on class actions was held to be unenforceable.

8    Plaintiffs maintain that the clause declaring the arbitration provision invalid was an agreement to

9    litigate.

10        As discussed above, in light of the preference for adjudication on the merits and the disfavored

11   light in which waivers and defaults are viewed, the court does not construe the clause voiding the

12   arbitration provision as a waiver of a right to appeal the decision that triggered the clause. The

13   contract did not clearly waive Defendants' right to appeal; read in context, it expressed the terms on

14   which Defendants would agree to arbitration. Defendants have a statutory right to appeal the denial

15   of a motion to compel arbitration; the question is whether this action should be stayed in the meantime.

16        Although Defendants cite cases in other jurisdictions that have accepted their argument,

17   precedent suggests that this argument has already been addressed and rejected in the Ninth Circuit.

18   See <u>Ting v. AT&T</u>, 319 F.3d 1126, 1152 (9th Cir. 2003) (rejecting the argument that California's

19   unconscionability law was "inherently hostile" to arbitration); <u>Ingle v. Circuit City Stores, Inc.</u>, 328

20   F.3d 1165, 1175 (9th Cir. 2003) ("[T]his ban on class-wide arbitration is patently one-sided and, and

21   [we] conclude that it is substantively unconscionable."). Moreover, the Ninth Circuit has stated in

22   dicta that "[w]e disagree with the California Court of Appeal's recent analysis in [<u>Discover Bank</u>].

23   Because unconscionability is a generally applicable contract defense, it may be applied to invalidate

24   an arbitration agreement without contravening § 2 of the FAA." <u>Ting v. AT&T</u>, 319 F.3d 1126, 1150,

25   n.15 (9th Cir. 2003). However, the Ninth Circuit has not yet published a decision that affirms or

26   rejects the reasoning of <u>Discover Bank</u> with respect to preemption.

27        B.    <u>Irreparable Harm to Defendants</u>

28        Undoubtedly, Defendants will suffer irreparable harm without a stay of proceedings. They will

1   be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the

2   Ninth Circuit ultimately orders arbitration.  Although the costs are less than if Defendants could not

3   appeal until after trial, these are still costs that Defendants would have avoided had the case proceeded

4   to arbitration.  See Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505-06

5   (7th Cir. 1997) ("Immediate appeal . . . helps to cut the loss from duplication.  Yet combining the costs

6   of litigation and arbitration is what lies in store if a district court continues with the case while an

7   appeal under § 16(a) is pending.").

8           C.      Substantial Injury to Plaintiffs

9           Defendants argue that Plaintiffs' injuries are small because the individual charges Plaintiffs

10   complain of are only a few dollars.  However, Plaintiffs are entitled to their day in court and plaintiffs

11   who suffer less should not also be placed on a slower trial track.  Defendants argue that Plaintiffs will

12   not be "irreparably harmed" by a delay or a loss in income that they eventually recover; however, the

13   standard is "substantial injury," not "irreparable harm."  See Hilton v. Braunskill, 481 U.S. 770, 776

14   (1987).  A stay in proceedings pending appeal will likely mean that Plaintiffs will have a complaint

15   on file for over a year without having received an answer.

16           D.      Public Interest

17           In a case such as this, where a party is seeking a stay to appeal the denial of a motion to compel

18   arbitration, the court concludes that the public interest ultimately tips the balance in favor of the

19   appealing party.  Congress, through the FAA, has expressed that arbitration is in the public interest.

20   See A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992).  By

21   specifically allowing for an immediate appeal from a decision denying arbitration, Congress has

22   further indicated that all questions of whether a dispute should be arbitrated should be resolved before

23   time and money is spent in litigation.

24   //

25   //

26   //

27   //

28   //

**Conclusion**

      In light of the fact that the Ninth Circuit has not yet considered <u>Discover Bank</u>, and that a stay in proceedings would be consistent with the public interest and federal policy favoring arbitration, the court hereby **GRANTS** Defendants' motion for a stay of proceedings pending appeal.

      **IT IS SO ORDERED.**

DATED:    3/8    , 2006

                                    **JEFFREY T. MILLER**
                                    United States District Judge

cc:    all parties

**TAB 4**

















```
TKL    3/9/06    10:09
3:05-CV-01469   CERVANTES V. PACIFIC BELL LLC
*38*
*O.*
```

```
                                                    FILED

                                                    06 MAR -8 PM 3: 04

                                                    CLERK, U.S. DISTRICT COURT
                                                    SOUTHERN DISTRICT OF CALIFORNIA

                                                    BY:                    DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CERVANTES, | CASE NO. 05 CV 01469 JM (RBB) |
| Plaintiff, | ORDER GRANTING |
| vs. | DEFENDANT'S MOTION TO STAY |
| PACIFIC BELL WIRELESS et al., | PROCEEDINGS PENDING APPEAL |
| Defendant. | |

**Background**

On January 10, 2006, this court denied Defendant Cingular's motion to compel arbitration and ordered Defendant to file an answer to the complain within thirty days.  On January 19, 2006, Defendant filed a notice of appeal with the Ninth Circuit and moved to stay the proceedings in this court while the appeal is pending.

**Analysis**

A court order denying a motion to compel arbitration is immediately appealable.  See 9 U.S.C. § 16(a)(3) (West 2005).  Consistent with the federal policy favoring arbitration, "[s]ection 16 of [the Federal Arbitration Act] 'endeavors to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration.'"  Bushley v. Credit Suisse First Boston, 360 F.3d 1149, 1153 (9th Cir. 2004) (quoting Augustea Impb Et Salvataggi v. Mitsubishi Corp., 126 F.3d 95, 98 (2d Cir. 1997); 15B Charles Alan Wright, et al, Federal Practice & Procedure § 3914.17 (2d ed. 1992).  A district court is not required to stay proceedings pending the appeal.  See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).  "The system created by the Federal Arbitration Act

-1-

05cv01469

1   allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court

2   finds that the motion presents a substantial question, to stay the proceedings pending an appeal from

3   its refusal to compel arbitration." Id.  Courts generally consider four factors when determining

4   whether to grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's

5   success on the merits; (2) whether the moving party will be irreparably injured if a stay is not granted;

6   (3) whether a stay will substantially injure the opposing party; and (4) the public interest. See Hilton

7   v. Braunskill, 481 U.S. 770, 776 (1987).

8           A.      Likelihood of Success on the Merits

9           According to their papers, Defendant intends to appeal the question of whether Section 2 of

10  the Federal Arbitration Act preempts application of Discover Bank.  Although Defendant cites cases

11  in other jurisdictions that have accepted its argument, precedent suggests that this argument has

12  already been addressed and rejected in the Ninth Circuit. See Ting v. AT&T, 319 F.3d 1126, 1152

13  (9th Cir. 2003) (rejecting the argument that California's unconscionability law was "inherently hostile"

14  to arbitration); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1175 (9th Cir. 2003) ("[T]his ban on

15  class-wide arbitration is patently one-sided and, and [we] conclude that it is substantively

16  unconscionable.").  Moreover, the Ninth Circuit has stated that "[w]e disagree with the California

17  Court of Appeal's recent analysis in [Discover Bank].  Because unconscionability is a generally

18  applicable contract defense, it may be applied to invalidate an arbitration agreement without

19  contravening § 2 of the FAA." Ting v. AT&T, 319 F.3d 1126, 1150, n.15 (9th Cir. 2003).  However,

20  the Ninth Circuit has not yet published a decision that affirms or rejects the reasoning of Discover

21  Bank with respect to preemption.

22          B.      Irreparable Harm to Defendant

23          Undoubtedly, Defendant will suffer irreparable harm without a stay of proceedings.  It will be

24  forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the

25  Ninth Circuit ultimately orders arbitration.  Although the costs are less than if Defendant could not

26  appeal until after trial, these are still costs that Defendant would have avoided had the case proceeded

27  to arbitration. See Alascom v. ITT N. Elec. Co., 727 F.2d 1419, 1422 (9th Cir. 1984) ("If [the party

28  seeking to appeal] must undergo the expense and delay of a trial before being able to appeal, the

05cv01469

1  advantages of arbitration– speed and economy– are lost forever.").

2          C.      Substantial Injury to Plaintiff

3          Defendant maintains that a stay will not cause Plaintiff to suffer a significant financial hardship

4  because her damages are only small, individual charges, on the order of $1.99 per text message.

5  However, the fact that Plaintiff has only suffered a small monetary loss does not, in itself, justify

6  delaying Plaintiff's right to seek relief.  Plaintiff has been waiting nearly six months to receive an

7  answer to her complaint and she has a right to resolve her claims.

8          D.      Public Interest

9          In a case such as this, where a party is seeking a stay to appeal the denial of a motion to compel

10 arbitration, the court concludes that the public interest tips in favor of the appealing party.  Congress,

11 through the FAA, has expressed that arbitration is in the public interest.  See A.G. Edwards & Sons,

12 Inc. v. McCollough, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992).  By specifically allowing for an

13 immediate appeal from a decision denying arbitration, Congress has further indicated that all questions

14 of whether a dispute should be arbitrated should be resolved before time and money is spent in

15 litigation.

16 **Conclusion**

17         In light of the fact that the Ninth Circuit has not yet considered Discover Bank, and that a stay

18 in proceedings would be consistent with the public interest and federal policy favoring arbitration,  the

19 court hereby **GRANTS** Defendant's motion for a stay of proceedings pending appeal.

20

21         **IT IS SO ORDERED.**

22 DATED: _____3/8_____, 2006

23

24                                              **JEFFREY T. MILLER**
                                                 United States District Judge

25 cc:     all parties

26

27

28

                                        - 3 -                                  05cv01469