1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

JENNIFER L. LASTER, et al.,

12

                              Plaintiffs,

13

14        vs.

15

16

T-MOBILE USA, INC., et al.,

17

18                              Defendants.

LEAD CASE NO. 05cv1167 DMS (AJB)

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 11,2008 ORDER, AND IN THE ALTERNATIVE, TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL**

[Doc. No. 160]

19
20

        Pending before the Court is Defendants' motion for reconsideration of this Court's August 11,

21

2008 Order ("Order"), denying in part defendants' motion to dismiss Plaintiffs' claims with prejudice

22

as to the Second Amended Complaint in the *Laster* action. (Doc. 78.)  The matter was taken under

23

submission without oral argument pursuant to Local Civil Rule 7.1(d)(1).

24

        Defendants move this Court to reconsider on the grounds of intervening change in controlling

25

law. *See School District 17 No. lJ, Multnomah County Oregon v. ACandS, Inc.*, 5 F.3d 1255,1263 (9th

26

Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  Alternatively, should the Court decline to reconsider

27

the Order, Defendants request that the Court certify this issue for interlocutory appeal pursuant to 28

28

U.S.C. § 1292(b).  For the following reasons, the motion is denied without prejudice.

1     Defendants direct the Court's attention to a recent California Court of Appeal decision, *Yabsley*

2  *v. Cingular Wireless, LLC,* Case No. B198827 165 Cal.App.4th 1526 (Cal. App. 2d Dist. Aug. 18,

3  2008), which was decided a week after the Order.  Defendants argue that *Yabsley* embraces the same

4  factual and legal issues as those presented by this case.  Unlike this Court, the *Yabsley* Court found

5  that California Code of Regulations, title 18, section 1585 ("Regulation 1585") creates a safe harbor

6  for Defendants' conduct, which Plaintiffs assert violates California's Unfair Competition Law

7  ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*, and False Advertising Law ("FAL"), Cal. Bus. &

8  Prof. Code § 17500, *et. seq.*  Defendants argue that *Yabsley* constitutes an intervening change in

9  controlling law warranting reconsideration, because a "California Court of Appeal's announcement

10  of a rule of law is a datum for ascertaining state law which is not to be disregarded by a federal court

11  unless it is convinced by other persuasive data that the highest court of the state would decide

12  otherwise." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1012-13 (9th Cir. 2004).

13     On September 17, 2008, the California Court of Appeal ordered a rehearing of its decision

14  because the California Attorney General and the District Attorney of Santa Barbara were not properly

15  served by the parties pursuant to the requirements of Cal. Bus. & Prof. Code §§ 17209 and 17536.5

16  and California Rule of Court 8.29(a). *Yabsley* is therefore vacated, and will be superseded by the

17  opinion on rehearing.  Cal. R. Ct. 8.268(d), 8.1105, (e)(1), 8.1115(a).

18     Plaintiffs correctly argue that since *Yabsley* is vacated, there is no intervening change in the

19  law and reconsideration is unwarranted.[1]  However, because the forthcoming opinion on rehearing may

20  be identical or similar to the initial *Yabsley* opinion, Defendant's motion is denied without prejudice.

21  **IT IS SO ORDERED.**

22  DATED:  October 29, 2008

23  _____

24  HON. DANA M. SABRAW
    United States District Judge

25

26

27     [1] Defendants invite the Court to defer judgment until the Court of Appeal issues its opinion on
    rehearing.  However, on October 10, 2008, the California Court of Appeal granted the California
28  Attorney General and the District Attorney of Santa Barbara an extension until November 14, 2008
    to file their amicus briefs.  In light of this extension, the Court declines to defer its judgment.