UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LASTER, et al., <br><br>                              Plaintiff, <br>   vs. <br>T-MOBILE USA, INC., et al., <br><br>                              Defendant. | Lead Case No. 05cv1167 DMS (WVG) <br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION** |

       This is a consolidated putative class action wherein Plaintiffs contend Defendants -- cellular phone companies and other entities involved in the sale of wireless telecommunication services -- engaged in the unfair and deceptive practice of charging consumers sales tax on the full retail value of cellular phones which were advertised as "free" or "deeply discounted." The consumer contracts at issue included an arbitration clause, which precluded class action arbitrations. After Plaintiffs filed this action, Defendants moved to enforce their respective arbitration clauses to individually arbitrate Plaintiffs' claims.

       In September 2005, Defendants Cingular Wireless, LLC and New Cingular Wireless PCS, LLC (now known as AT&T Mobility, LLC, collectively "ATTM") and T-Mobile USA, Inc., Omnipoint Communications, Inc. and TMO CA/NV, LLC (collectively, "T-Mobile") filed motions to compel arbitration, which, after briefing and oral argument, were denied on November 30, 2005.

       Defendants immediately appealed the order, but ATTM later voluntarily dismissed its appeal. T-Mobile persisted, and thereafter the denial of its motion was affirmed on appeal. *Laster v. T-Mobile*

*USA, Inc.*, 252 Fed. Appx. 777 (9th Cir. 2007.) The case returned to this Court on September 28, 2007. In May 2009, Plaintiffs filed motions for class certification, and in July 2009, Defendants filed motions for summary judgment. Defendants' summary judgment motions were granted and Plaintiffs' class certification motions were denied as moot by order filed December 14, 2009. Plaintiffs appealed the judgment. On January 17, 2012, the Ninth Circuit Court of Appeals vacated the December 14, 2009 order and "remanded ... for reconsideration in light of *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)." After receiving the mandate, this Court held a status hearing on February 24, 2012. Pursuant to the Ninth Circuit order and agreement of counsel, Defendants were granted leave to file motions to compel arbitration in light of *Concepcion*.

Accordingly, pending before the Court are motions to compel arbitration filed by Defendants Cellco Partnership, Verizon Wireless, LLC, and Airtouch Cellular (collectively, "Verizon"), ATTM, T-Mobile and Go Wireless, Inc. ("Go Wireless"). Plaintiffs filed an opposition and Defendants replied. In their opposition, Plaintiffs requested the Court to defer ruling on the motions until the Ninth Circuit Court of Appeals issued an order on petition for rehearing *en banc* filed in *Kilgore v. KeyBank, N.A.*, case nos. 09-16703 and 10-15934. Plaintiffs' request was granted on August 28, 2012. After the *en banc* decision in *Kilgore* was issued on April 11, 2013, *Kilgore v. KeyBank Nat'l Assoc.*, __ F.3d __, 2013 WL 1458876 (*Kilgore II*), the parties were granted leave to file supplemental briefs. On June 20, 2013, the Supreme Court issued its decision in *American Express Co. v. Italian Colors Restaurant*, __ U.S. __; 133 S.Ct. 2304. Shortly thereafter, Defendants filed an ex parte application to file a notice of supplemental authority, citing *American Express*.

Defendants' unopposed ex parte application to file supplemental authority is granted. Their notice of supplemental authority shall be deemed filed on July 1, 2013. For the reasons which follow, Defendants' motions to compel arbitration are granted.

Enforceability of arbitration agreements is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), and California common law. "The FAA 'mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Kilgore II*, 2013 WL 1458876 at *2 (emphasis in original), quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "As federal substantive law, the FAA preempts contrary state law."

*Mortensen v. Bresnan Comm'cns, LLC*, __ F.3d __; 2013 WL 3491415 *5 (9th Cir. Jul. 15, 2013), citing *Concepcion*, 131 S.Ct. at 1746; *see also* U.S. Const. art. VI, cl. 2. However, the FAA does not require enforcement of arbitration agreements that may be invalidated on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Concepcion*, 131 S.Ct. at 1746-47. This "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability ... ." *Concepcion*, 131 S.Ct. at 1746 (internal quotation marks and citations omitted). The burden of proving that the claims at issue are not suitable for arbitration is on the party resisting arbitration. *Green Tree Fin. Corp. - Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

When ATTM and T-Mobile initially filed their motions to compel arbitration, the parties' briefing focused on unconscionability. Under California law, a contract provision, including an arbitration clause, is unenforceable if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs. Inc.*, 24 Cal.4th 83, 99 (2000). Procedural unconscionability focuses on "oppression or surprise due to unequal bargaining power," and substantive unconscionability focuses on "overly harsh or one-sided results." *Id.* A sliding scale is applied, so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to find it unenforceable, and *vice versa*. *Id.*

The Court found both arbitration agreements procedurally unconscionable. (Nov. 30, 2005 Order at 10.) In addition, the Court accepted Plaintiffs' argument the agreements were substantively unconscionable because they included class action waivers. This finding was dictated by the California Supreme Court decision in *Discover Bank*. (*Id*. at 10-13.)

*Discover Bank* held a class waiver unconscionable under California law:

> [W]hen the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party from responsibility for [its] own fraud ... . (Civ. Code § 1668). Under these circumstances, such waivers are unconscionable under California law and should not be enforced.

36 Cal.4th 148, 162 (2005). The *Discover Bank* Court reasoned that when the foregoing circumstances are present, the class action waiver becomes in practice an exculpatory clause contrary to California law. *Id*. at 160-62 & 165. Based on the state of law at that time, this Court held *Discover Bank* was not preempted by the FAA. (Nov. 30, 2005 Order at 13-14.) That conclusion was later confirmed in *Shroyer v. New Cingular Wireless Servs, Inc.*, 498 F.3d 976, 987-93 (9th Cir. 2007). Based on the Court's findings that the agreements were procedurally and substantively unconscionable, Defendants' motions to compel arbitration were denied.

On April 27, 2011, while Plaintiffs' appeal from the summary judgment order was pending, the United States Supreme Court issued its decision in *Concepcion*, finding *Discover Bank* preempted by the FAA. 131 S.Ct. at 1750. *Concepcion* noted that the FAA's savings clause, 9 U.S.C. § 2, preserves generally applicable contract defenses, including unconscionability, except if the "defenses apply only to arbitration or ... derive their meaning from the fact that an agreement to arbitrate is at issue." *Id*. at 1746. Accordingly, "even generally applicable state-law rules are preempted if in practice they have a 'disproportionate impact' on arbitration or 'interfere[ ] with fundamental attributes of arbitration and thus create [ ] a scheme inconsistent with the FAA.'" *Mortensen*, 2013 WL 3491415 at *5 (brackets in original), quoting *Concepcion*, 131 S.Ct. at 1746-47. *Concepcion* held the FAA prohibits states from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures. 131 S.Ct. at 1744, 1753.

Defendants' pending motions to compel were filed in light of this change in law. Defendants contend the arbitration clauses are valid after *Concepcion*, and should be enforced. Plaintiffs counter primarily on grounds that Defendants have waived their right to compel arbitration.[1] Waiver can be asserted as a defense to enforcing an arbitration clause. *See. e.g., St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal.4th 1187, 1194-95 (2003); *Lewis v. Fletcher Jones Motor Cars, Inc.*, 205 Cal. App. 4th 436, 444 (2012); *Cox v. Ocean Hotel Corp.*, 533 F.3d 1114, 1120 (9th Cir. 2008). Several factors are relevant and properly considered in assessing a defense based on waiver:

> "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into

---

[1] Plaintiffs do not contend the arbitration agreements are procedurally and substantively unconscionable. The Court therefore does not address that potential defense. *See* Civ. Loc. R. 7.1.f.3.b (requiring a "complete statement of all reasons in opposition") & c (waiver).

- 4 -

        preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced' the opposing party."

*Lewis*, 205 Cal. App. 4th at 444, quoting *St. Agnes*, 31 Cal.3d at 1196 (internal quotation marks omitted); *see also Cox*, 533 F.3d at 1124. "No one of these factors predominates and each case must be examined in context." *Lewis*, 205 Cal. App. 4th at 444. "Based in the public policy favoring arbitration, claims of waiver receive close scrutiny and the party seeking to establish a waiver bears a heavy burden." *Id*. (internal quotation marks and citation omitted); *see also Cox*, 533 F.3d at 1125 ("any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements").

        Plaintiffs argue that Go Wireless and Verizon have waived their right to compel arbitration because they delayed filing their motions to compel arbitration until now; that ATTM waived its right to compel arbitration because it dismissed its appeal of the order denying its earlier motion to compel arbitration; and that T-Mobile waived its rights because, although it appealed the order denying its earlier motion to compel arbitration and lost, upon return to this Court it pursued discovery and filed a summary judgment motion against Plaintiffs. Plaintiffs further contend they have been prejudiced by expending 780 hours of attorney time (worth no less than $300,000) in responding to Defendants' pretrial motions and interlocutory appeals and participating in discovery.

        However, a party does not act inconsistently with the right to arbitrate by electing not to pursue enforcement of an arbitration agreement that would be unenforceable under then-existing law. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986); *Conover v. Dean Witter Reynolds, Inc.*, 837 F.2d 867 (9th Cir. 1988); *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986). Furthermore, under such circumstances, a plaintiff cannot claim he or she was prejudiced by litigating arbitrable claims, including preparation for trial, because it was the plaintiff's choice to file the action in court rather than demand arbitration. *Fisher*, 791 F.2d at 697, 698.

        Prior to *Concepcion*, an arbitration agreement with a class waiver generally was not enforceable under California's *Discover Bank* rule. In the wake of *Concepcion*, the waiver issue has been extensively litigated and district courts have found no waiver where a party failed to move for

arbitration prior to *Concepcion*, particularly when the arbitration agreement included a class action waiver. *See, e.g.*, *Bryant v. Serv. Corp. Int'l.*, 801 F. Supp. 2d 898 (N.D. Cal. 2011); *Bailey v. Household Fin. Corp. of Cal.*, 2011 WL 5118723 (S.D. Cal. 2011); *In re Cal. Title Ins. Antitrust Litig.*, 2011 WL 2566449 (N.D. Cal. 2011); *Villegas v. US Bancorp*, 2011 WL 2679610 (N.D. Cal. 2011).

Because the arbitration agreements in this action include class action waivers, Defendants' litigation strategy prior to issuance of *Concepcion* must be viewed in that light. Thus, prior to *Concepcion* any failure to move to compel arbitration or to vigorously pursue appeal of this Court's pre-*Concepcion* order denying motions to compel, or any decision to litigate the case in this Court to summary judgment, would not constitute a waiver.

Plaintiffs also contend Defendants waived their right to arbitrate because they did not move to compel quickly enough after *Concepcion* was decided on April 27, 2011. But on April 27, 2011, this case was pending before the Ninth Circuit Court of Appeals on Plaintiffs' appeal of the December 14, 2009 summary judgment. At that time, the appeal had been fully briefed, but not yet argued. (Grant Reply Decl. at 1.) Defendants requested Plaintiffs to withdraw the appeal, and informed them Defendants intended to renew their motion to compel arbitration even if Plaintiffs prevailed on appeal. (*Id.*) Plaintiffs' counsel indicated they intended to proceed with the appeal. (*Id.*) On January 17, 2012, the Ninth Circuit vacated the summary judgment order and remanded the action to this Court for reconsideration in light of *Concepcion*. Shortly after receiving the mandate, this Court held a status conference and issued a briefing schedule for motions to compel arbitration based on agreement of counsel. Defendants' motions were timely filed. Accordingly, Plaintiffs have not established waiver based on delay since *Concepcion*.

Plaintiffs further contend Ms. Voorhies, who asserts a claim against Go Wireless, should not be compelled to arbitrate her claims because Go Wireless is not a signatory to any arbitration agreement. (Mot. at 11-12.) Go Wireless contends it may compel arbitration pursuant to the clause in ATTM's arbitration agreement with Ms. Voorhies because it is being sued as ATTM's agent.

"Nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Letizia*, 802 F.2d at 1187-88; *see also Sacks v. Dietrich*, 663 F.3d 1065, 1070 (9th Cir. 2011). This "rule is an outgrowth of the strong federal policy favoring arbitration." *Letizia*, 802 F.2d at 1188.

- 6 -

1    In her responses to interrogatories, Ms. Voorhies stated she had purchased a mobile phone "at
2 a store named 'Go Wireless' ... which held itself out to be -- and which Ms. Voorhies understood to
3 be -- ATTM's authorized agent for the marketing and sale of ATTM's telecommunications products
4 and services." (Docket no. 257-10 at 5.) Consistently, all allegations against Go Wireless in the
5 operative second amended complaint are coupled with the allegations against ATTM. (Docket no.
6 70 at 3, 8-9.) Plaintiffs do not deny that Go Wireless was ATTM's agent.

7    A relevant inquiry in determining whether a non-signatory agent may enforce an arbitration
8 clause is whether any of the alleged agent's wrongdoing "relate to or arise from the contract
9 containing the arbitration clause." *Britton v. Co-Op Banking Group*, 4 F.3d 742, 747 (9th Cir. 1993).
10 The arbitration clause was included in ATTM's standard wireless service contract when Ms. Voorhies
11 renewed the contract and received a free new phone at a Go-Wireless store. (Nov. 30, 2005 Order at
12 2-3.) Go Wireless' alleged wrongdoing arises from the same transaction. In its capacity as ATTM's
13 agent, Go Wireless is therefore entitled to enforce the arbitration clause.

14    Plaintiffs next argue they cannot be compelled to arbitrate their claim under the Consumers
15 Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"), because the CLRA prohibits waiver
16 of any of its provisions, including the provision for class actions, as contrary to public policy. Cal.
17 Civ. Code §§ 1751 & 1781. Plaintiffs contend that enforcing an arbitration agreement with a class
18 action waiver would thwart the vindication of an unwaivable statutory right under the CLRA to file
19 a class action. This argument is foreclosed by *Concepcion* and *American Express*.

20    In finding state rules against enforcement of class action waivers in arbitration agreements
21 preempted by the FAA, *Concepcion* noted that the FAA embodies "a liberal federal policy favoring
22 arbitration agreements, *notwithstanding any state substantive or procedural policies to the contrary*."
23 131 S.Ct. at 1749 (internal quotation marks and citation omitted, emphasis added); *see also id.* at 1753
24 ("States cannot require a procedure that is inconsistent with the FAA, even it is desirable for unrelated
25 reasons."). Under *Concepcion*, "[a]ny general state-law contract defense, based in unconscionability
26 or otherwise, that has a disproportionate effect on arbitration is displaced by the FAA." *Mortensen*,
27 2013 WL 3491415 at *6. Because the CLRA prohibits class action waivers, it is inconsistent with the
28 FAA and thus, is preempted. *See id.* at *6-7 (holding FAA preempts Montana public policy that

- 7 -

invalidates adhesive arbitration agreements on grounds such agreements run contrary to consumers' reasonable expectations).

Plaintiffs' argument is also precluded by the Supreme Court's recent decision in *American Express*. There, the plaintiffs argued, as do Plaintiffs here, that enforcing a class action waiver would bar "effective vindication" of a statutory right. Assuming the "effective vindication" exception applies to *state* statutory rights,[2] that exception still would not assist Plaintiffs. *American Express* limited the exception to the circumstance where an arbitration agreement constitutes a prospective waiver of a party's right to pursue statutory remedies, but declined to extend it to circumstances where the "class-action waiver merely limits arbitration to the two contracting parties." 133 S.Ct. at 2310-11 & n.3. The outcome is no different where, as here, the statute at issue expressly permits class actions. *Id*. at 2311, citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991).

Finally, Plaintiffs contend they cannot be compelled to arbitrate their claims under the CLRA and California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), to enjoin future deceptive practices on behalf of the general public because California's *Broughton-Cruz* rule holds such claims are not subject to arbitration. (Mot. at 14-15, citing *Broughton v. Cigna Healthplans of Cal.*, 21 Cal.4th 1066, 1072 (2003) & *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal.4th 303, 315-17 (2003).) Plaintiffs imply that *Concepcion* did not overrule the *Broughton-Cruz* rule, and in their supplemental brief, they argue the *Broughton-Cruz* rule was reaffirmed in *Kilgore II*.

Plaintiffs' reliance on *Kilgore II* is unavailing. They point to *Kilgore v. KeyBank Nat'l Assoc.*, 673 F.3d 947 (9th Cir. 2010) (*Kilgore I*), which held that the *Broughton-Cruz* rule was preempted by the FAA in light of *Concepcion*. *Kilgore I* was reheard *en banc*. The *en banc* decision did not reach the preemption issue, but held the injunctive relief requested was not on behalf of the general public, and therefore would not be subject to the *Broughton-Cruz* rule even if the rule remained valid after *Concepcion*.[3] *Kilgore II*, 2013 WL 1458876 at *5. *Kilgore II* expressly did not decide the continued

---

[2] Thus far, the exception has been applied only to vindication of federal statutory rights. *See Am. Express*, 133 S.Ct. at 2310-11 & cases discussed therein; *see also Coneff v. AT&T Corp.*, 673 F.3d 1155, 1159 n.2 (9th Cir. 2012).

[3] Plaintiffs contend that, unlike the injunctive relief requested in *Kilgore II*, the relief they request here would benefit the general public because Defendants' allegedly unlawful conduct is ongoing. (*See* Tomasevic Decl. dated May 3, 2013.) Only T-Mobile disputes this assertion. (*See*

- 8 -

validity of the *Broughton-Cruz* rule. *Id.* Plaintiffs' contention that *Kilgore II* resurrected *Broughton-Cruz* is therefore rejected.

As *Concepcion* noted, "When a state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." 131 S.Ct. at 1747. This rule was emphasized in *Marmet Health Care Center, Inc. v. Brown*, __ U.S. __; 132 S.Ct. 1201, 1203-04 (2012), which held preempted West Virginia's prohibition against pre-dispute agreements to arbitrate personal-injury or wrongful-death claims against nursing homes as a categorical rule prohibiting arbitration of a particular type of claim. Like West Virginia's rule in *Marmet*, the *Broughton-Cruz* rule bars arbitration of a particular type of claim, *i.e.*, certain CLRA and UCL claims for injunctive relief. The rule is therefore displaced by the FAA.

For the foregoing reasons, it is **ORDERED** as follows:

1. Defendants' unopposed ex parte application to file a notice of supplemental authority is granted. The notice of supplemental authority shall be deemed filed as of July 1, 2013.

2. Defendants' motions to compel arbitration, filed April 9, 2012, are granted.

3. Pursuant to 9 U.S.C. § 4, Plaintiffs' claims shall proceed to arbitration.

4. The Clerk shall administratively close Case No. 05-cv-1167. Either side may reopen the case by filing an appropriate motion within the time set forth in the FAA, 9 U.S.C. §§ 9-12.

**IT IS SO ORDERED.**

DATED: July 19, 2013

_____
HON. DANA M. SABRAW
United States District Judge

---

Defs' Joint Resp. Suppl. Brief at 8 & n.4.) For purposes of this order, the Court assumes Plaintiffs' representation regarding public benefit is accurate as to all Defendants except T-Mobile.